**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Manuel RAMIREZ–GARCIA, Defendant–Appellant.**

No. 00–10346.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2001

Filed Aug. 1, 2001

Order Filed Oct. 16, 2001

Atmore L. Baggot, Apache Junction, Arizona, for the defendant-appellant.

Joan G. Ruffennach, Assistant U.S. Attorney, Appellate Section, Phoenix, Arizona, for the plaintiff-appellee.

Before: HILL,[1] GRABER, and McKEOWN, Circuit Judges.

1. Hon. James C. Hill, Senior Circuit Judge, United States Court of Appeals for the Elev-

## ORDER AND OPINION

HILL, Circuit Judge:

### ORDER

The Memorandum disposition filed August 1, 2001, is redesignated as an authored Opinion by Judge Hill.

### OPINION

Manuel Ramirez–Garcia was convicted of Reentry After Deportation in violation of 8 U.S.C. § 1326(a). He raises several issues on appeal. For the following reasons, we affirm.

1. ***The Denial of the Motion to Suppress***

A hearing is not required on a motion to suppress if the grounds for suppression consist solely of conclusory allegations of illegality. *United States v. Wilson*, 7 F.3d 828, 834 (9th Cir.1993). An evidentiary hearing must be held only when the moving papers allege facts which are sufficiently definite, clear, and specific to enable the trial court to conclude that contested issues of fact exist. *United States v. Howell*, 231 F.3d 615, 620 (9th Cir.2000), *cert. denied*, —— U.S. ——, 122 S.Ct. 76, —— L.Ed.2d —— (2001).

There has been no such showing in this case. Defendant's affidavit states only that he applied for a lease and that, because the management required a credit check, he authorized the management to review his credit history. Although he asserted that there was an exchange of faxes between the apartment management and the credit bureau, he offered no evidence in support of this assertion. Without evidence of an intercept, the provisions of the Electronic Communications Privacy Act of 1986, which prohibit warrantless interceptions of electronic transmissions, are inapplicable.

Moreover, the information he seeks to suppress, his identity and the fact of his presence within the United States, cannot be suppressed. *INS v. Lopez–Mendoza*, 468 U.S. 1032, 1039, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984). Therefore, the district court correctly denied the motions to suppress and for an evidentiary hearing.

2. ***The Sentencing Enhancement***

At sentencing, Ramirez–Garcia was given a 16–level enhancement and sentenced to five years, based on a PSR that reported his 1990 conviction for forcible rape (as well as one other felony conviction). Ramirez–Garcia objected to the PSR's inclusion of the rape conviction, arguing that Congress did not intend that violent crimes committed prior to November 29, 1990, be counted as "aggravated felonies." Ramirez–Garcia also argues that the enhancement of his sentence was illegal because a pre-deportation conviction is no longer an element of a section 1326 violation and, therefore, the offense characteristic listed in U.S.S.G. § 2L1.2(b) is beyond the limited authority given by Congress to the Sentencing Commission. The district court held that the existence of a prior felony conviction is a sentencing factor, not an element of the offense, and that it was an aggravated felony for the purposes of the guideline. We agree.

Congress made abundantly clear when it amended the illegal reentry statute (8 U.S.C. § 1326(b)) that it wished to enhance the penalties for aliens with prior convictions in order to deter others. It requested a report from the Attorney General on the relevant statistics concerning aliens unlawfully reentering with prior serious offenses and subsequently enhanced

enth Circuit, sitting by designation.

the penalties therefor. The Sentencing Commission simply implemented the intent of Congress when it promulgated U.S.S.G. § 2L1.2(b), which increases the sentencing range for aliens with prior convictions. The fact of a prior conviction is relevant and properly considered in calculating offense level. *United States v. Lara–Aceves*, 183 F.3d 1007, 1013–14 (9th Cir.1999), *overruled on other grounds by United States v. Rivera–Sanchez*, 247 F.3d 905 (9th Cir.2001) (en banc); *United States v. Blanco–Gallegos*, 188 F.3d 1072, 1076 (9th Cir.1999).

### 3. *The* Apprendi *Issue*

 Defendant argues that his sentence is illegal because the fact of his pre-removal conviction must be proved beyond a reasonable doubt and it was not. The government points out that this argument presumes that *Apprendi* overrules *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which expressly provides that prior convictions may be treated as a sentencing factor. We have recently held that it does not. *United States v. Pacheco–Zepeda*, 234 F.3d 411, 413 (9th Cir.), *cert. denied,* — U.S. —, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

Accordingly, the denial of the motion to suppress and request for an evidentiary hearing, and the judgment of the district court are AFFIRMED.