**UNITED STATES of America**

v.

**Ronald Efrain ALVAREZ, Defendant.**

**No. EP–07–CR–3167–PRM.**

United States District Court,
W.D. Texas,
El Paso Division.

April 7, 2008.

Luis Gutierrez, Attorney at Law, Manuel J. Barraza, Law Office of Manuel J. Barraza, William R. Maynard, Federal Public Defender, El Paso, TX, for Defendants.

Donna Svet Miller, Stanley Michael Serwatka, Assistant U.S. Attorneys, El Paso, TX, for United States of America.

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered the Defendant Ronald Efrain Alvarez's "Motion to Suuppress [sic] Evidence," filed on February 13, 2008, and the Government's "Response to Defendants' [sic] Motions [sic] to Suppress," filed on February 25, 2008, in the above-captioned cause.[1] After careful consideration, the Court concludes that an evidentiary hearing is not warranted and that Defendant's Motion should be denied for the reasons set forth below.

## I. BACKGROUND

On December 12, 2007, the Grand Jury sitting in El Paso, Texas, in the Western District of Texas, issued a two count indictment charging Defendant and another individual, Pedro Antonio Diaz ("Diaz"), with one count of conspiracy to transport aliens within the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i), and one count of transporting aliens within the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i).

According to the Government, on October 26, 2007, El Paso Police Department Alpha Team members Detectives K. Jones and A. Sosa observed Defendant and Diaz meet, shake hands, and enter two separate tractor trailers parked at a truck stop in El Paso, Texas. Resp. 2. It appeared to the detectives that Defendant and Diaz were preparing to drive the tractor trailers away from the truck stop. *Id.* at 2–3. The detectives approached the drivers, identified themselves as law enforcement officers, requested permission to question Defendant and Diaz, which permission was granted, and proceeded to ask them questions about the cargo and destination of both tractor trailers. *Id.* at 3. The detectives noticed that Diaz appeared nervous, and requested permission from both Defendant and Diaz to search the tractor trailers, and to utilize the assistance of a canine in the search. *Id.* The Government maintains both Defendant and Diaz consented to the search. *Id.* A search of the tractor trailers, conducted with the assistance of United States Border Patrol Agent Dino Novela and the canine "Dusk," revealed three individuals in the sleeper areas of each tractor trailer, all "determined to be citizens of Mexico, and none of them had any documents permitting them to legally enter, remain in, or legally work within the United States." *Id.* at 3–4. Defendant and Diaz were then arrested. *Id.* at 1.

Defendant asserts that the events leading to his arrest on October 26, 2007, constituted "an investigative detention," that was "excessive in nature and scope," and which led to "an illegal arrest which was not based on probable cause." Mot. 1. He further argues that "[t]here was no probable cause or consent for the search and seizure of Defendant's person." *Id.* He also alleges that a "post arrest statement allegedly made by Defendant is tainted in that it was the product of the initial illegality." *Id.* Defendant argues that "all evidence, including contraband seized from, and statements made by, the Defendant" should therefore be suppressed. *Id.*

The Government responds that Defendant has not met his burden of showing "that the evidence in question was obtained in violation of his rights."[2] Resp. 6.

---

1. To date, no Reply to the Government's Response has been filed.

2. The Government also argues that Defendant's Motion should be denied as untimely, as it was filed more than fourteen days after Defendant waived arraignment. Resp. 5. The Court has already considered and granted Defendant's "Motion for Leave to File Motion to Suppress Out of Time," on February 19,

The Government also asserts that (1) the initial encounter between Defendant and law enforcement officers was consensual, and (2) the search of Defendant's property was conducted with valid consent, concluding that Defendant is not entitled to the suppression of any evidence. *Id.* at 7, 10.

## II. EVIDENTIARY HEARING

■ Defendant does not specifically request a hearing on the Motion. However, he does assert that his Motion "is based on ... any evidence that may be adduced at the hearing on the motion," which the Court will construe as a request for a hearing. Mot. 1. Noting that "Defendant does not assert facts in his Motion, but rather merely makes conclusory allegations," the Government concludes that "Defendant is not entitled to a hearing on the motion or having it granted without a hearing." Resp. 6.

■ "[A]n evidentiary hearing is required on a motion to suppress only when necessary to receive evidence on an issue of fact." *United States v. Harrelson,* 705 F.2d 733, 737 (5th Cir.1983) (citation omitted). Evidentiary hearings on motions to suppress are "designed for the presentation of evidence in support of factual allegations which, if proven, would justify the relief sought." *Id.* at 738. "Evidentiary hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief." *Id.* (citations omitted). Factual allegations must be "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." *Id.* (citations and quotations omitted). "General or conclusory assertions, founded upon mere suspicion or conjecture, will not suffice." *Id.* (citations omitted). *See also United States v. Ramirez–Garcia,* 269 F.3d 945 (9th Cir.2001)

(stating "[a] hearing is not required on a motion to suppress if the grounds for suppression consist solely of conclusory allegations of illegality," but is only required "when the moving papers allege facts which are sufficiently definite, clear, and specific to enable the trial court to conclude that contested issues of fact exist") (citation omitted).

Defendant does not describe or identify any particular fact or circumstance which would indicate suppression is warranted. He does not assert that he refused consent to the detectives' questioning or to the subsequent search, or identify any reason why his consent might not have been valid. He does not describe why his encounter with law enforcement officers should be characterized as "an investigative detention," or how any detention was "excessive in nature and scope." *Id.*

Defendant asserts that the "motion is based on all the files and records of this case, the Memorandum of Points and Authorities and any evidence that may be adduced at the hearing on the motion." *Id.* However, the Court is aware of no "Memorandum of Points and Authorities," filed in this case bearing any relation to Defendant's "Motion to Suuppress [sic] Evidence." Furthermore, a review of the record before the Court provides the Court with no more information with respect to the basis for Defendant's assertions other than the assertions set forth in Motion itself.

The Court finds that Defendant fails to allege facts sufficient to justify an evidentiary hearing. He only offers conclusory allegations that the law enforcement officers' actions were illegal and violated his Fourth Amendment rights. Defendant does not provide any facts to support his allegations, and certainly does not set

2008, giving Defendant permission to file the

instant Motion. Docket No. 38.

forth specific or detailed factual allegations warranting an evidentiary hearing. *See, e.g., United States v. Dean,* 100 F.3d 19, 21 (5th Cir.1996) (affirming denial of evidentiary hearing on motion for return of seized funds where the defendant alleged that funds were improperly seized, but provided no facts to support the claim); *United States v. Cannon,* No. CRIM.A. 03–119, 2003 WL 21406180, at *1 (E.D.La. June 16, 2003) (denying request for evidentiary hearing where the defendant offered only conclusory allegations that the Government violated his Fourth Amendment rights, but failed to support the claims with facts or law justifying relief). Accordingly, Defendant's request for an evidentiary hearing is denied.

## III. VIOLATION OF FOURTH AMENDMENT RIGHTS

■ The proponent of a motion to suppress evidence bears the burden of proving, by a preponderance of the evidence, that the challenged evidence was obtained in violation of his or her constitutional rights. *United States v. Waldrop,* 404 F.3d 365, 368 (5th Cir.2005). "Where a motion to suppress fails to raise any material issue of fact, the district [court] has the discretion to deny the motion without an evidentiary hearing." *United States v. Parfait,* Criminal No. 06–60023–02, 2006 WL 2356010, *1, 2006 U.S. Dist. LEXIS 57168, *3 (W.D.La. Aug. 15, 2006); *see also United States v. Rollins,* 862 F.2d 1282, 1291 (7th Cir.1988) ("A district court is not required to conduct an evidentiary hearing on every motion to suppress. Rather, the court must conduct such a hearing 'only if evidence on an issue of fact is necessary to the decision of the motion.'") (quoting *Nechy v. United States,* 665 F.2d 775, 776 (7th Cir.1981)).

■ Law enforcement officers may approach individuals, ask questions of them, and even conduct searches of their proper-

ty, where those individuals consent to the officers' conduct. *See Florida v. Bostick,* 501 U.S. 429, 435, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) ("[E]ven when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual, ask to examine the individual's identification, and request consent to search his or her luggage.") (internal citations omitted).

Defendant has presented no factual basis upon which the Court could find a violation of his rights. The Government maintains that Defendant's initial contact with law enforcement officers and the subsequent search of the tractor trailer were consensual, and that no search of Defendant's person occurred until after he was arrested. Resp. 10. Although Defendant asserts "[t]here was no ... consent for the search and seizure of Defendant's person," he sets forth no specific rebuttal of the Government's assertions that Defendant validly consented to a search of the tractor trailer and that the search of his person was lawfully conducted after his arrest. Mot. 1. Furthermore, Defendant has not set forth any legal basis upon which the Court could find that any actions taken by law enforcement officers on October 26, 2007, might have violated any of Defendant's rights. Thus, Defendant does not meet his burden to show any evidence was obtained in violation of his Fourth Amendment rights.

## IV. CONCLUSION

Based on the above analysis of facts and legal principles, the Court concludes that Defendant's Motion to Suppress should be denied.

Accordingly, **IT IS ORDERED** that the Defendant Ronald Efrain Alvarez's "Mo-

601

tion to Suuppress [sic] Evidence" (Docket No. 33) is **DENIED**.