**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Antonio PAMATZ–HUERTA,**
**Defendant–Appellant.**

**No. 09–30400.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Oct. 4, 2010.

Pamela Jackson Byerly, Office of The U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Matthew Campbell, Assistant Federal Public Defender, Federal Public Defend-

er's Office, Spokane, WA, for Defendant–Appellant.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM* **

Antonio Pamatz–Huerta appeals from the 77–month sentence imposed following his guilty-plea conviction for being an alien in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Pamatz–Huerta contends that his sentence on the low-end of the advisory Guideline range is both substantively and procedurally unreasonable because it is calculated based on the 16–point crime of violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), that he contends lacks justification, conflicts with the primary purpose of sentencing, and is excessively harsh. To the extent that Pamatz–Huerta challenges the validity of the crime of violence enhancement, his challenge is foreclosed. *See United States v. Ramirez–Garcia,* 269 F.3d 945, 947–48 (9th Cir.2001) ("Congress made abundantly clear when it amended the illegal reentry statute (8 U.S.C. § 1326(b)) that it wished to enhance the penalties for aliens with prior convictions in order to deter others.").

Pamatz–Huerta also contends that the district court procedurally erred by ne-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

glecting to meaningfully address his mitigating argument and by failing to explain why a lesser sentence would not have satisfied the parsimony principle. The record reflects that the district court considered the section 3553(a) factors, provided a reasoned explanation for the sentence, and did not otherwise procedurally err. *See United States v. Carty,* 520 F.3d 984, 991–93 (9th Cir.2008) (en banc); *see also United States v. Diaz–Argueta,* 564 F.3d 1047, 1051–52 (9th Cir.2009).

Pamatz–Huerta last contends that his sentence based on the 16–point crime of violence enhancement is substantively unreasonable because it violates the parsimony principle. The record reflects that the 77–month sentence is substantively reasonable in light of the totality of the circumstances and the section 3553(a) factors. *See Gall v. United States,* 552 U.S. 38, 51–52, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *cf. United States v. Amezcua–Vasquez,* 567 F.3d 1050, 1055–56 (9th Cir.2009).

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to section 1326(b). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to section 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**