**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ANTONIO PAMATZ-HUERTA,<br><br>Defendant - Appellant. | No. 09-30400<br><br>D.C. No. 2:09-cr-00060-JLQ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Antonio Pamatz-Huerta appeals from the 77-month sentence imposed following his guilty-plea conviction for being an alien in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Pamatz-Huerta contends that his sentence on the low-end of the advisory Guideline range is both substantively and procedurally unreasonable because it is calculated based on the 16-point crime of violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), that he contends lacks justification, conflicts with the primary purpose of sentencing, and is excessively harsh. To the extent that Pamatz-Huerta challenges the validity of the crime of violence enhancement, his challenge is foreclosed. *See United States v. Ramirez-Garcia*, 269 F.3d 945, 947-48 (9th Cir. 2001) ("Congress made abundantly clear when it amended the illegal reentry statute (8 U.S.C. § 1326(b)) that it wished to enhance the penalties for aliens with prior convictions in order to deter others.").

Pamatz-Huerta also contends that the district court procedurally erred by neglecting to meaningfully address his mitigating argument and by failing to explain why a lesser sentence would not have satisfied the parsimony principle. The record reflects that the district court considered the section 3553(a) factors, provided a reasoned explanation for the sentence, and did not otherwise procedurally err. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc); *see also United States v. Diaz-Argueta*, 564 F.3d 1047, 1051-52 (9th Cir. 2009).

09-30400

Pamatz-Huerta last contends that his sentence based on the 16-point crime of violence enhancement is substantively unreasonable because it violates the parsimony principle. The record reflects that the 77-month sentence is substantively reasonable in light of the totality of the circumstances and the section 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007); *cf. United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055-56 (9th Cir. 2009).

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to section 1326(b). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to section 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**

09-30400