**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50453 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-01238-JM |
| v. | |
| JULIO GARCIA-EQUIHUA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Julio Garcia-Equihua appeals from the 72-month sentence imposed following his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. §1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Garcia-Equihua contends that the district court procedurally erred at sentencing by failing to adequately explain the sentence. The record reflects that the district court did not so err. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Garcia-Equihua also contends that under *Kimbrough v. United States*, 552 U.S. 85 (2007), the district court erred by not explaining the reason for imposing a 16-level enhancement under U.S.S.G. § 2L1.2, which Garcia-Equihua believes is empirically unsound. The policy behind the enhancement is sound. *See United States v. Ramirez-Garcia*, 269 F.3d 945, 947-48 (9th Cir. 2001). As there is no separate obligation under *Kimbrough* for the district court to explain why it is imposing a valid enhancement, the district court's explanation was sufficient. *See Carty*, 520 F.3d at 992 ("[T]he district court must explain [the sentence] sufficiently to permit meaningful appellate review.").

Finally, Garcia-Equihua contends that his sentence is substantively unreasonable. In light of the totality of the circumstances, the sentence below the Guidelines range is substantively reasonable. *See id.* at 993.

**AFFIRMED.**