**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30361 |
| Plaintiff - Appellee, | D.C. No. 6:10-cr-60060-HO |
| v. | |
| JUSTO BARAJONA-AVILA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Justo Barajona-Avila appeals from the 77-month sentence imposed

following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C.

§ 1326(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Barajona-Avila contends that the sentence is substantively unreasonable

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

because it is based on a 16-level enhancement under U.S.S.G. § 2L1.2(b) which lacks any empirical basis, and is grossly disproportionate to sentencing enhancements for more serious offenses. He further contends that the sentence is substantively unreasonable in light of his individual circumstances. The sentence at the bottom of the Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, particularly given Barajona-Avila's multiple prior deportations and criminal history. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc); *United States v. Ramirez-Garcia*, 269 F.3d 945, 947 (9th Cir. 2001) (holding that U.S.S.G. § 2L1.2(b) properly implements Congress' intent "to enhance the penalties for aliens with prior convictions in order to deter others[]" by increasing the "sentencing range for aliens with prior convictions[]").

**AFFIRMED**.