**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50009 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00568-CAS |
| v. | |
| ARIEL GARCIA-MENDEZ, a.k.a. Julio Cesar Medrano, a.k.a. Julio Manzanares Medrano, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Ariel Garcia-Mendez appeals from the 51-month sentence imposed

following his guilty-plea conviction for being an illegal alien found in the United

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Garcia-Mendez contends that the district court procedurally erred by failing to: (1) appreciate its discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007), to deviate from the illegal-reentry Guidelines based policy grounds; and (2) explain why it rejected Garcia-Mendez's mitigating argument concerning his abusive childhood. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court stated that it had considered Garcia-Mendez's sentencing memorandum, in which he asserted his policy challenge under *Kimbrough*, and then imposed a sentence 26 months below the Guidelines range. Its failure to do more was not plain error. *See United States v. Ayala-Nicanor*, 659 F.3d 744, 752-53 (9th Cir. 2011). Furthermore, the district court specifically addressed Garcia-Mendez's abusive childhood.

Garcia-Mendez argues that because the district court did not consider departing downward to account for his cultural assimilation, it failed to adequately consider all the 18 U.S.C. § 3553(a) sentencing factors. This argument lacks merit. Garcia-Mendez did not raise his cultural assimilation before the district court. In any event, we review a district court's denial of a request for a downward

departure as part of the overall substantive reasonableness of the sentence. *See United States v. Dallman*, 533 F.3d 755, 761 (9th Cir. 2008). In light of the totality of the circumstances and the section 3553(a) factors, the 51-month sentence is substantively reasonable. *See Gall v. United States*, 522 U.S. 38, 51 (2007).

Garcia-Mendez also maintains that U.S.S.G. § 2L1.2(b)(1)(A)'s 16-level sentencing enhancement is constitutionally flawed because it is not based on empirical evidence or historical facts. This contention fails because he does not identify any constitutional provision that was allegedly violated. Furthermore, this court has recognized that the enhancement reflects Congress's intent to increase penalties for aliens with prior convictions. *See United States v. Ramirez-Garcia*, 269 F.3d 945, 947-48 (9th Cir. 2001).

Finally, Garcia-Mendez contends that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), has been undermined and that 8 U.S.C. § 1326(b)(2) is unconstitutional. This contention is foreclosed by *United States v. Beng-Salazar*, 452 F.3d 1088, 1091 (9th Cir. 2006).

**AFFIRMED.**