**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10269 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00884-PJH |
| v. | |
| JUAN RAMON PRADO LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Juan Ramon Prado Lopez appeals from the district court's judgment and

challenges the 41-month sentence imposed following his guilty-plea conviction for

being a deported alien found in the United States, in violation of 8 U.S.C. § 1326.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm but remand to the district court to correct a clerical error in the judgment.

Prado Lopez contends that U.S.S.G. § 2L1.2(b)(1)(A)'s 16-level sentencing enhancement is flawed because it is not based on empirical evidence and because it uses prior convictions in establishing an offense level. This contention fails because this court has recognized that the enhancement reflects Congress's intent to increase penalties for aliens with prior convictions. *See United States v. Ramirez-Garcia*, 269 F.3d 945, 947-48 (9th Cir. 2001).

Prado Lopez also contends that his sentence is substantively unreasonable in light of his employment history and community support. The district court did not abuse its discretion in imposing Lopez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Lopez's criminal history and prior deportations. *See id.*

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b). *See United*

*States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete reference § 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**