**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10156 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00054-HDM |
| v. | |
| JAIME HERRERA-RAMOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Jaime Herrera-Ramos appeals from the district court's judgment and

challenges the 77-month sentence imposed following his guilty-plea conviction for

illegal reentry, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Herrera-Ramos contends that the district court procedurally erred by failing to consider that he lost the opportunity to benefit from a fast-track plea agreement. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court was aware that the government offered a prior, more favorable plea, and the court provided defense counsel with the opportunity to discuss the specific details of the lost fast-track plea offer. Additionally, to the extent Herrera-Ramos contends that the district court failed to recognize its authority to vary from the Guidelines range, the record does not support this contention.

Herrera-Ramos also contends that the sentence is substantively unreasonable because it is based on a 16-level enhancement under U.S.S.G. § 2L1.2(b), which lacks any empirical basis and results in a disproportionally high sentence. The district court did not abuse its discretion in imposing Herrera-Ramos's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The bottom-of-the-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including Herrera-Ramos's violent criminal history and cultural assimilation. *See id.*; *see also United States v. Ramirez-Garcia*, 269 F.3d 945, 947-48 (9th Cir. 2001) (recognizing the 16-level

enhancement reflects Congress's intent to increase penalties for aliens with prior convictions in order to deter others).

Finally, Herrera-Ramos's challenge to the use of the prior conviction to enhance his sentence is foreclosed by *United States v. Beng-Salazar*, 452 F.3d 1088, 1091 (9th Cir. 2006).

**AFFIRMED.**