NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JUAN CARLOS VALADEZ-MUNOZ,<br>AKA Marcos Perez-Orosco, AKA Juan<br>Carlos Valadez,<br><br>Defendant-Appellant. | No.  18-50275<br><br>D.C. No.<br>2:17-cr-00702-RGK-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted July 8, 2019**
Pasadena, California

Before:  M. SMITH and FRIEDLAND, Circuit Judges, and AMON,*** District
Judge.

Defendant-Appellant Juan Carlos Valadez-Munoz appeals his conviction for

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

***      The Honorable Carol Bagley Amon, United States District Judge for
the Eastern District of New York, sitting by designation.

illegal reentry following deportation, in violation of 8 U.S.C. §§ 1326(a), (b)(2).

Valadez-Munoz argues that the district court erred in denying his motion to dismiss the indictment as time-barred and erred in declining to hold an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Section 1326(a) applies to any removed alien who "enters, attempts to enter, or is *at any time found in*, the United States." 8 U.S.C. § 1326(a)(2) (emphasis added). The five-year statute of limitations for "[t]he offense of being found in the United States [begins to run] when an alien is discovered and identified by the immigration authorities." *United States v. Zamudio*, 787 F.3d 961, 966 (9th Cir. 2015) (alterations in original) (quoting *United States v. Hernandez*, 189 F.3d 785, 791 (9th Cir. 1999)). We have not yet addressed whether discovery may be based on constructive, as opposed to actual, knowledge, *id.*, but we need not decide that here because under either analysis, the statute of limitations had not yet run on Valadez-Munoz's offense.

Valadez-Munoz contends that the government did not charge him within the five-year statute of limitations because it had constructive knowledge of his presence in 2010 when he renewed his driver's license but nonetheless failed to charge him until 2017. But even assuming constructive knowledge triggers the statute of limitations, the record does not show that the government delayed the investigation or ignored datasets in its possession. As the district court determined,

the National Criminal Analysis and Targeting Center (NCATC) received 250,000 datasets in 2015 and discovered Valadez-Munoz's presence in the country only after it used those datasets to conduct a targeted search for Valadez-Munoz in several databases in 2017. The record does not suggest that typical law enforcement diligence required NCATC to have acquired or searched this data any sooner.

Valadez-Munoz suggests that the process that led to his discovery in 2017 could have led to his discovery after his 2010 renewal if the government had exercised due diligence. However, because the government did not have the means to search the databases "until after it received the data set with his information in 2015," we cannot conclude that the failure to discover Valadez-Munoz before 2017 demonstrates a lack of typical law enforcement diligence.

2.      The district court did not abuse its discretion by declining to hold an evidentiary hearing. The government's misstatement of NCATC's capabilities in an initial discovery letter did not create a contested issue of fact because the NCATC unit chief's declaration corrected the misstatement. *See United States v. Ramirez-Garcia*, 269 F.3d 945, 947 (9th Cir. 2001).

**AFFIRMED.**

18-50275