**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

　　　　　　　v.

CESAR JULIO SALAZAR-MOJICA,
　　　　　　　*Defendant-Appellant.*

No. 09-50632

D.C. No.
3:09-cr-00110-
BTM-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted
December 9, 2010—Pasadena, California

Filed February 24, 2011

Before: Harry Pregerson and Richard R. Clifton,
Circuit Judges, and H. Russel Holland,
Senior District Judge.*

Opinion by Judge Clifton

*The Honorable H. Russel Holland, Senior United States District Judge
for the District of Alaska, sitting by designation.

**COUNSEL**

Zandra L. Lopez, San Diego, California, for the appellant.

Tara K. McGrath, Assistant United States Attorney, San Diego, California, for the appellee.

**OPINION**

CLIFTON, Circuit Judge:

Cesar Julio Salazar-Mojica ("Salazar") was convicted of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. In calculating Salazar's sentencing range under the now-advisory Sentencing Guidelines, the district court applied a 16-level sentencing enhancement on two independent grounds, one of which was that prior to his deportation Salazar had been convicted of a felony crime of violence. After his deportation and his arrest for his current offense, but before his conviction and sentencing, Salazar successfully moved in state court to reduce that previous conviction to a

misdemeanor. Salazar thus argues that his previous conviction cannot be counted as a felony crime of violence because it was not a conviction for a felony. We conclude that the relevant time for determining whether a prior conviction was a felony for purposes of the enhancement is the time of the defendant's deportation. Because Salazar's conviction for a crime of violence was a felony conviction at the time of his deportation, application of the 16-level enhancement was appropriate, despite the subsequent reduction to a misdemeanor. Salazar also argues that the sentence imposed on him was too harsh and was substantively unreasonable, but we are not persuaded by that argument. We thus affirm the sentence imposed upon Salazar by the district court.

## I.  Background

In 1980 Salazar was convicted in California state court on a charge of assault by means of force and with a deadly weapon, in violation of California Penal Code § 245(a). Salazar was initially sentenced to probation for three years, with 43 days spent in jail as a condition of probation. After violating the terms of probation, however, Salazar was sentenced to three years in prison in 1982.

After serving that sentence, Salazar, who is a Mexican citizen, was deported from the United States. Indeed, Salazar has been deported several times, most recently on June 5, 2008.

A few weeks later, on July 25, 2008, the Border Patrol arrested Salazar after he was observed walking along an interstate highway approximately six miles north of the California—Mexico border. Slightly more than a year after that, on July 29, 2009, Salazar was convicted by jury trial of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. It is the sentence imposed upon Salazar for that conviction that is the subject of this appeal.

After his July 2008 arrest but before his July 2009 conviction, Salazar brought a motion in Los Angeles Superior Court

to reduce his 1980 assault conviction to a misdemeanor, pursuant to California Penal Code § 17(b). The state court granted that motion on June 3, 2009.

Nonetheless, in sentencing Salazar, the district court treated the 1980 conviction as a felony conviction and concluded that the prior conviction warranted a 16-level enhancement of Salazar's offense level under U.S.S.G. § 2L1.2(b)(1)(A)(ii).[1] The guideline range calculated by the district court, based in part upon that enhancement, was 84 to 105 months. After consideration of the 18 U.S.C. § 3553(a) factors, the district court sentenced Salazar to incarceration for 66 months, a term substantially shorter than the calculated guideline range.

## II. Discussion

Salazar appeals his sentence on two grounds. First, he objects to the district court's application of the 16-level sentencing enhancement in determining the advisory sentencing guideline range. Second, he contends that the imposed sentence of 66 months was substantively unreasonable.

We review de novo the district court's interpretation of the Sentencing Guidelines. *United States v. Laurico-Yeno*, 590 F.3d 818, 820 (9th Cir. 2010). "The district court's application of the Guidelines to the facts of a particular case is

---

[1]The district court also concluded that the 16-level sentencing enhancement was independently justified by a separate 1998 conviction for a controlled substance offense in violation of California Health & Safety Code § 11352(a), constituting a conviction for a felony drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(A)(i). Salazar contends that his 1998 conviction did not support the 16-level enhancement because the judicially noticeable documents did not unequivocally show that the conviction involved a controlled substance under the Federal Controlled Substances Act. Because we conclude that the 16-level enhancement was appropriate based on Salazar's assault conviction, we do not reach the issue of whether the California controlled substance conviction would also support the 16-level enhancement.

reviewed for an abuse of discretion." *United States v. Rodriguez-Cruz*, 255 F.3d 1054, 1058 (9th Cir. 2001). Similarly, we review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Grissom*, 525 F.3d 691, 696 (9th Cir. 2008).

### A.   *The 16-Level Enhancement*

**[1]** The Sentencing Guidelines provide that a 16-level enhancement should be added to a defendant's offense level if he has previously been deported after being convicted of a felony that falls into at least one of several categories, one of which is a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). We have previously held that assault by means of force and with a deadly weapon under California Penal Code § 245, the offense for which Salazar was convicted in 1980, is categorically a "crime of violence" for purposes of the 16-level enhancement. *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009).

Salazar argues, however, that his assault conviction cannot be treated as a "felony" to support the enhancement because it was reduced by the state court from a felony to a misdemeanor in 2009. A violation of California Penal Code § 245 is sometimes called a "wobbler" offense because it may be treated and punished by the state court as either a felony or a misdemeanor.[2] Cal. Penal Code §§ 17(b), 245(a)(1); *see generally Ewing v. California*, 538 U.S. 11, 16 (2003) (discussing offenses that may be classified as either felonies or misdemeanors under California law). As noted above, the Los Angeles Superior Court reduced the conviction to a misdemeanor, pursuant to Cal. Penal Code § 17(b), on June 3, 2009.[3]

---

[2]The fact that the law permits conviction as either a misdemeanor or felony does not preclude a categorical analysis. *See, e.g., United States v. Melchor-Meceno*, 620 F.3d 1180, 1184 n.4 (9th Cir. 2010).

[3]Misdemeanor sentences generally cannot exceed one year. Cal. Penal Code § 19.2. The government argues that because Salazar had already

**[2]** We are not persuaded that the state court's relabeling of the conviction in 2009 has any impact on the Guidelines calculation in this case. Salazar was most recently deported in 2008, before his assault conviction was reduced to a misdemeanor. U.S.S.G. § 2L1.2(b)(1) provides, in relevant part, that a 16-level enhancement should be applied "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence." The requirements of § 2L1.2(b)(1) were satisfied here. Salazar was deported after he was convicted in 1980 of a felony crime of violence, the § 245 assault.

**[3]** At the time of his deportation, the § 245 conviction was properly viewed as a felony. "Under California law, a 'wobbler' is presumptively a felony and 'remains a felony except when the discretion [of the trial court] is actually exercised' to make the crime a misdemeanor." *Ewing*, 538 U.S. at 16 (quoting *People v. Williams*, 163 P.2d 692, 696 (1945)). The documents concerning the 1980 conviction include a Certificate of Magistrate from the Municipal Court of Los Angeles that stated in four places that Salazar pled guilty to a felony. On the Clerk's Report, the box for "misdemeanor" was not checked.[4] Moreover, although he was initially sentenced to probation, that probation was revoked and he was then sentenced to three years for the § 245 conviction, effectively confirming that offense as a felony. *See People v. Wood*, 62 Cal. App. 4th 1262, 1266-67 (Cal. Ct. App. 1998).

---

been sentenced to three years for the offense in 1982, the California court lacked discretion in 2009 to grant Salazar's motion for a reduction to a misdemeanor. As it is not necessary for our disposition of this appeal, we do not reach that issue.

[4]The fact that the initial sentence imposed was probation (with 43 days in jail as a condition of probation) does not, itself, render the conviction a misdemeanor. "[N]either a grant of probation, nor a suspension of the imposition of sentence, is a judgment imposing a punishment of imprisonment for a term not exceeding one year [a misdemeanor]." *United States v. Bridgeforth*, 441 F.3d 864, 871 (9th Cir. 2006) (citing *United States v. Robinson*, 967 F.2d 287, 293 (9th Cir. 1992)).

**[4]** Several other circuits have held that changes in felony status subsequent to deportation are inapplicable for purposes of sentencing enhancements.[5] For instance, the Eleventh Circuit held:

> We are not persuaded . . . that since [the defendant] successfully got [his] conviction vacated *after* illegally returning to the United States, the offense should not count for purposes of the § 2L1.2(b)(1)(A) enhancement. By its plain language [("If the defendant previously was deported . . . after . . . a conviction for a felony")], the Guidelines' relevant time period is the time of deportation, not the time of sentencing for an illegal reentry conviction.

*United States v. Orduno-Mireles*, 405 F.3d 960, 961 n.1 (11th Cir. 2005).

**[5]** We agree. There is no indication in the Guidelines that § 2L1.2(b)(1) is intended to entertain changes in felony status that occur after the deportation.[6] We hold that the relevant time for evaluating a prior conviction for purposes of the

---

[5]*See United States v. Garcia-Lopez*, 375 F.3d 586, 588 (7th Cir. 2004) ("[T]he appropriate inquiry is whether the defendant had been convicted of a crime of violence *at the time of deportation*. Nothing in the guideline suggests that the analysis should consider whether the conviction has been vacated subsequent to the deportation but prior to the sentencing for the reentry offense."); *United States v. Luna-Diaz*, 222 F.3d 1, 4 (1st Cir. 2000) (noting that relevant time period is the time of deportation); *United States v. Campbell*, 167 F.3d 94, 98 (2d Cir. 1999) ("[C]onvictions vacated for reasons unrelated to guilt or flaws in the proceedings . . . are not to be disregarded."); *United States v. Cisneros-Cabrera*, 110 F.3d 746, 748 (10th Cir. 1997) (noting that whether the conviction is valid at time of sentencing is irrelevant).

[6]Although we do not rely upon this fact for our decision, we note that under California law, a reduction in status from felony to misdemeanor is not retroactive. "If ultimately a misdemeanor sentence is imposed, the offense is a misdemeanor from that point on, but not retroactively." *People v. Feyrer*, 226 P.3d 998, 1007 (Cal. 2010) (discussing a court's discretion under Cal. Penal Code § 17(b)); *see also Gebremicael v. Cal. Comm'n on Teacher Credentialing*, 13 Cal. Rptr. 3d 777, 780 (Cal. Ct. App. 2009) ("Relief under [§ 17] is not retroactive in operation. A crime subject to its provisions is regarded as a misdemeanor only for purposes subsequent to judgment." (citations omitted)).

U.S.S.G. § 2L1.2(b)(1)(A) enhancement is the time of deportation. We thus conclude that the district court's application of a 16-level sentencing enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) was appropriate.

### B.    *Substantive Reasonableness of the Sentence*

Salazar contends that his 66-month sentence, though substantially lower than the Sentencing Guidelines range of 84-105 months, was substantively unreasonable. We do not agree.

**[6]** The district court did not abuse its discretion when weighing the totality of the circumstances and the 18 U.S.C. § 3553 factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Salazar primarily argues that the district court erred by not accounting for the fact that his prior criminal conduct occurred years before the instant offense. The record indicates otherwise. The court properly balanced the relative age of the prior convictions with the fact that Salazar had been deported multiple times, had essentially flouted immigration laws, and had engaged in illegal conduct while in the country. The record clearly shows that the district court did consider the age of the prior convictions when imposing the sentence.

Finally, Salazar's broad allegation that the Sentencing Commission lacked justification to authorize increases in offense levels is without merit. *See United States v. Ramirez-Garcia*, 269 F.3d 945, 947-48 (9th Cir. 2001) (noting the empirical data considered by Congress and implemented by the Commission); *United States v. Ruiz-Chairez*, 493 F.3d 1089, 1091-92 (9th Cir. 2007) (upholding sentencing enhancements under § 2L1.2 as rational and not a violation of equal protection).

The sentence imposed upon Salazar by the district court is affirmed.

**AFFIRMED.**