**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50289 |
| Plaintiff-Appellee, | D.C. No. 3:09-cr-02686-BEN-1 |
| v. | |
| ALONZO QUINTANILLA-GONZALEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted August 30, 2011
Pasadena, California

Before: SCHROEDER and GOULD, Circuit Judges, and SEEBORG, District
Judge.[**]

Alonzo Quintanilla-Gonzalez ("Appellant") appeals his conviction, after

entry of a conditional guilty plea, under 8 U.S.C. § 1326(a) and (b) for attempted

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Richard Seeborg, United States District Judge for the
Northern District of California, sitting by designation.

entry after deportation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Appellant claims that his deportation orders are invalid and therefore may not serve as the basis for prosecution under 8 U.S.C. § 1326. In order to challenge the validity of a deportation order, Appellant must demonstrate that: (1) he exhausted available administrative remedies; (2) he was improperly deprived of the opportunity for judicial review; and (3) "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d); *see also United States v. Ramos*, 623 F.3d 672, 680 (9th Cir. 2010). A removal order is fundamentally unfair if the defendant's due process rights were violated and he suffered prejudice as a result of the flawed proceeding. *See Ramos*, 623 F.3d at 680 (quoting *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004)).

Appellant was first deported in 2001, after the immigration judge ("IJ") erroneously concluded that his battery conviction rendered him an aggravated felon ineligible for cancellation of removal. In this appeal, the government does not contest that the 2001 deportation order was invalid. In 2006, Appellant was deported three separate times pursuant to an administrative removal order and two different expedited removal orders. *See* 8 U.S.C. § 1228(b) (setting forth proceedings that result in an administrative removal); 8 U.S.C. § 1225(b)

2

(providing for procedures referred to as expedited removal). These subsequent removals provide valid bases for his illegal reentry conviction. *See United States v. Garcia-Martinez*, 228 F.3d 956, 964 (9th Cir. 2000) (affirming a section 1326 conviction based on an administrative removal order); *United States v. Barajas-Alvarado*, No. 10-50134, 2011 U.S. App. LEXIS 17652, at *1–2 (9th Cir. Aug. 24, 2011) (affirming a section 1326 conviction based on expedited removal orders).

Appellant challenges his 2006 administrative and expedited removal orders on the grounds that those procedures do not apply to legal permanent residents. Appellant lost his legal permanent resident status as a result of the invalid 2001 removal. Thus, in considering the validity of his subsequent removals, Appellant contends that the Court should deem him a permanent resident who was not properly subject to administrative or expedited removal orders.

Appellant, however, does not demonstrate that he suffered any prejudice from the allegedly improper utilization of the administrative or expedited removal proceedings. In September 2003, Appellant was convicted of inflicting corporal injury on a spouse or cohabitant under California Penal Code § 273.5(e). He was initially sentenced to six months in jail and thirty-six months of probation. After his probation was revoked, he was sentenced to twenty-four months in prison. A

3

violation of section 273.5 represents a categorical crime of violence. *See United States v. Laurico-Yeno*, 590 F.3d 818, 820 (9th Cir. 2010).

At oral argument, Appellant for the first time asserted that a violation of California Penal Code § 273.5 is a "wobbler" offense, in that the sentencing court has discretion to punish a violation as either a misdemeanor or a felony. As Appellant was initially sentenced to six months in jail and thirty-six months probation, he suggests that the offense must be considered a misdemeanor. Appellant, however, has not established that the six-month jail term was imposed pursuant to entry of judgment. Rather, the trial court may have suspended imposition or stayed execution of Appellant's sentence pending successful completion of probation. *See United States v. Salazar-Mojica*, 634 F.3d 1070, 1073 n.4 (9th Cir. 2011) (quoting *United States v. Bridgeforth*, 441 F.3d 864, 871 (9th Cir. 2006) (explaining that an initial sentence of probation with a jail term of forty-three days as a condition of probation does not, by itself, represent a judgment punishing an offense as a misdemeanor). In any case, Appellant has waived this argument by failing to raise it in his opening brief. *See Kumar v. Gonzales*, 444 F.3d 1043, 1056 (9th Cir. 2006) (considering argument not raised in appellant's opening brief to be waived).

Accordingly, at the time of his administrative and expedited removal proceedings in 2006, Appellant was an aggravated felon. Even if he were subject to consideration as a legal permanent resident, he would have been ineligible for discretionary relief. *See* 8 U.S.C. § 1229b(a) (providing for cancellation of removal of certain permanent residents who have not been convicted of an aggravated felony). Therefore, even if, as Appellant contends, use of these procedures were considered improper, he suffered no prejudice.

**AFFIRMED**.