**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50086 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-03403-L-1 |
| v. | |
| FIDEL ORTIZ-VALDEZ, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Submitted December 8, 2011[**]
Pasadena, California

Before: NOONAN, GOULD, and IKUTA, Circuit Judges.

The district court did not err in imposing a 16-level sentence enhancement

pursuant to section 2L1.2 of the United States Sentencing Guidelines because

Ortiz's voluntary manslaughter conviction was not vacated, and Ortiz may not

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

collaterally attack a prior state conviction used to enhance his sentence. *See Custis v. United States*, 511 U.S. 485, 487 (1994); *United States v. Martinez-Martinez*, 295 F.3d 1041, 1044 (9th Cir. 2002). Even if we deemed the state court's tentative ruling to constitute vacatur of his state conviction, the district court did not err in relying on the conviction for sentencing enhancement purposes: only the validity of the sentence at the time of deportation is relevant for purposes of the section 2L1.2(b)(1)(A) enhancement, *see United States v. Salazar-Mojica*, 634 F.3d 1070, 1074 (9th Cir. 2011), and Ortiz's conviction was valid at the time he was deported in 2007. We reject Ortiz's argument that *Salazar-Mojica* is distinguishable because it addressed the vacatur of a state conviction on state law grounds, not constitutional grounds, because Ortiz likewise moved the state court to vacate his conviction on technical state law grounds, not constitutional grounds. *See id.*

Ortiz waived his right to appeal the $700 fine by the plain terms of his sentencing agreement. It is irrelevant that the agreement lacked specific mention of a fine, because a fine was contemplated by the government's proposed recommendation of an offense level of 24 under the Sentencing Guidelines. *See United States v. Johnson*, 67 F.3d 200, 202–03 (9th Cir. 1995). Nor was the agreement rendered unenforceable by the district court's advisement that Ortiz had

2

appeal rights, as the government promptly objected based on the limitations in the sentencing agreement, and had no obligation to respond to defense counsel's remarks that Ortiz could appeal the fine. *See United States v. Schuman*, 127 F.3d 815, 817 (9th Cir. 1997).

**AFFIRMED**.