**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10049 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00161-FRZ-GEE-1 |
| v. | |
| MOISES TORRES-CASTELANO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Argued and Submitted February 13, 2012
San Francisco, California

Before: THOMAS, FISHER, and IKUTA, Circuit Judges.

The district court did not err in determining that the government proved the

fact of Torres-Castelano's prior conviction under section 245(a)(1) of the

California Penal Code by clear and convincing evidence, given that (1) a plea

transcript from a 2005 prosecution of Torres-Castelano for violation of 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

§ 1326(a) included a concession by Torres-Castelano that he had been convicted of assault with a deadly weapon on January 28, 2003; (2) an abstract of judgment, dated January 28, 2003, stated that "Moises Hernandez" had been convicted of assault with a deadly weapon under California Penal Code section 245(a)(1); and (3) an FBI rap sheet stated that "Moises Hernandez" was an alias used by Torres-Castelano "based on fingerprint comparisons," and included the conviction for violation of section 245(a)(1). Because section 245(a)(1) is categorically a crime of violence, *see United States v. Salazar-Mojica*, 634 F.3d 1070, 1072 (9th Cir. 2011), the district court did not err in imposing a sixteen-point offense level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on Torres-Castelano's prior conviction of a crime of violence.

To the extent the district court based its denial of a two-point reduction for acceptance of responsibility on the ground that Torres-Castelano's decision to proceed to trial and put the government to its burden of proof barred the reduction, the district court erred. *See United States v. Cortes*, 299 F.3d 1030, 1038 (9th Cir. 2009); *United States v. Ochoa-Gaytan*, 265 F.3d 837, 843 (9th Cir. 2001). Because the record suggests that the district court applied such a bar in this case, remand is appropriate to allow the district court to determine the applicability of

the acceptance of responsibility reduction by reference to the appropriate factors.

*See Cortes*, 299 F.3d at 1039; U.S.S.G. § 3E1.1 application note 1.

**Sentence VACATED and REMANDED for Resentencing.**