**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50635 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00928-GHK |
| v. | |
| JOSE REFUGIO MEDINA-RIVERA, a.k.a. Jose Medina-Rivera, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted April 13, 2012[**]
Pasadena, California

Before: KLEINFELD and M. SMITH, Circuit Judges, and SAMMARTINO, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Janis L. Sammartino, U.S. District Judge for the Southern District of California, sitting by designation.

Jose Refugio Medina-Rivera appeals the 36-month sentence imposed following his guilty-plea conviction for illegal reentry under 8 U.S.C. § 1326(a). His prior deportation was subsequent to an aggravated felony conviction, such that he was subject to a 16-level sentencing enhancement under the illegal reentry guideline, U.S.S.G. § 2L1.2. He challenges his sentence on procedural grounds, arguing that the district court failed to appreciate its discretion to vary from the Sentencing Guidelines based on a policy disagreement with § 2L1.2, and failed to adequately explain its reasoning. He further challenges the sentence as substantively unreasonable. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not procedurally err by failing to appreciate fully its discretion under *Kimbrough v. United States*, 552 U.S. 85, 109 (2007), to vary from the Guidelines based on a policy disagreement, or by failing to explain adequately its exercise of that discretion. We recently held that a district court sufficiently evinces an understanding of its *Kimbrough* discretion by acknowledging the advisory nature of the Guidelines in response to a policy-based challenge. *United States v. Alaya-Nicanor*, 659 F.3d 744, 752 (9th Cir. 2011) (affirming sentencing enhancement based on a prior crime of violence under

2

§ 2L1.2 where the district court stated it had considered the arguments presented, which included an argument under *Kimbrough*, and then "did in fact impose a sentence that varied from the Guidelines range—just not by as many months as Alaya requested"). Here, the district court likewise fulfilled this duty by stating it had considered all of the parties' arguments, noting its discretion to vary from the Guidelines, and imposing a below-Guidelines sentence based on the 18 U.S.C. § 3553(a) factors.

Similarly, the district court adequately explained the basis for the sentence imposed. The district court's discussion of various § 3553(a) factors and its reasoning for varying from the Guidelines was both thorough and extensive, sufficient to "communicate[ ] that the parties' arguments have been heard, and that a reasoned decision has been made." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). We have not imposed a requirement that the district court explicitly address its decision to vary based on § 3553(a) considerations rather than *Kimbrough*-type considerations.

Lastly, Medina-Rivera has not shown that his sentence is substantively unreasonable based on the totality of the circumstances. *See Carty*, 520 F.3d at 993. Medina-Rivera's prior felony conviction for infliction of corporal injury on a cohabitant is a serious crime of violence and is not his only offense resulting from

3

a physical altercation with his girlfriend.  The ten-month downward variance imposed by the district court took into account whether in the circumstances of this particular offense the16-level Guidelines enhancement was too harsh, as well as his early guilty plea and the mitigating factors presented by his personal background. We also reject Medina-Rivera's assertion that his sentence should be vacated based on flaws in § 2L1.2.  *Cf. United States v. Salazar-Mojica*, 634 F.3d 1070, 1074 (9th Cir. 2011) (increases in offense levels under § 2L1.2 are not unjustified or substantively unreasonable) (citing cases).  Thus, Medina-Rivera's below-Guidelines sentence is substantively reasonable.

**AFFIRMED.**