**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>LUIS FLORES MIRANDA, AKA Antonio Fernandez, AKA Antonio Flores, AKA Jonas Flores Guillen, AKA Luis Manuel Garcia Miranda,<br><br>Defendant - Appellant. | No. 12-10128<br><br>D.C. No. 3:11-cr-00681-EMC-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted February 12, 2013
San Francisco, California

Before: SCHROEDER, NOONAN, and MURGUIA, Circuit Judges.

Luis Flores Miranda pled guilty to re-entering the United States unlawfully

(in violation of 8 U.S.C. § 1326), a crime for which the district court imposed a

sentence of 54 months. Miranda appeals his sentence, contending the district court

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

relieved the Government improperly of its burden of proving a sentencing enhancement, and in any event, imposed a substantively unreasonable sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Because Miranda had earlier been convicted of violating California Penal Code § 245(a)(1)—assault with a deadly weapon—and subsequently removed to Mexico, the district court applied U.S.S.G. § 2L1.2(b)(1)(A)(ii) in sentencing him. Section 2L1.2(b)(1)(A)(ii) prescribes a 16-level sentencing enhancement for a defendant who has previously been removed after committing a felonious crime of violence. Section 245(a)(1), which indisputably proscribes a crime of violence, *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009), is also a "wobbler," *i.e.*, a California law the violation of which can be sentenced as either a felony or a misdemeanor—and if sentenced as a felony, can be converted later to a misdemeanor by application to the state court. Cal. Penal Code § 17(b). Miranda argues the district court enhanced his sentence without requiring the Government to prove that, at the time of his removal, the state court had not converted Miranda's felony section 245(a)(1) conviction into a misdemeanor section 245(a)(1) conviction. *See United States v. Salazar-Mojica*, 634 F.3d 1070, 1074

2

(9th Cir. 2011) ("[T]he relevant time for evaluating a prior conviction for the purposes of the . . . enhancement is the time of deportation.").

This argument is without merit. Having proven Miranda was convicted of a felony and subsequently removed, the Government does not bear the burden of *disproving* the possibility that the felony conviction was converted, at some indeterminate point in time, to a misdemeanor conviction. *United States v. Diaz-Argueta*, 564 F.3d 1047, 1049–50 (9th Cir. 2009); *cf. United States v. Felix*, 561 F.3d 1036, 1043–44 (9th Cir. 2009) (holding that in order to reduce his criminal history score, the defendant bears the burden of proving that his misdemeanor conviction has been "diverted" pursuant to state law).

Nor was Miranda's sentence substantively unreasonable. The district court gave due consideration to the Sentencing Guidelines and the factors listed in 18 U.S.C. § 3553(a), and in light of Miranda's circumstances, varied downward from the Guidelines range of 70–87 months to a sentence of 54 months. That sentence is not so shocking as to counsel the substitution of our judgment for that of an able district judge's. *See United States v. Ressam*, 679 F.3d 1069, 1087–88 (9th Cir. 2012) (en banc) (noting that "review of the substantive reasonableness of a sentence is deferential and will provide relief only in rare cases").

**AFFIRMED.**