**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50352 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-01571-JLS |
| v. | |
| HERMINIO GARCIA-GARCIA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted November 19, 2013**

Before:   CANBY, TROTT, and THOMAS, Circuit Judges.

Herminio Garcia-Garcia appeals from the district court's judgment and

challenges the 70-month sentence imposed following his guilty-plea conviction for

being a deported alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

   *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Garcia-Garcia contends that the district court abused its discretion by relying on U.S.S.G. § 2L1.2(b) in imposing sentence. He argues that section 2L1.2(b) is not supported by empirical evidence, resulted in improper double counting of his prior conviction for possession of a controlled substance, arbitrarily increased his sentence based on unrelated prior conduct, and resulted in a disproportionately long sentence. These contentions lack merit. *See United States v. Salazar-Mojica*, 634 F.3d 1070, 1074 (9th Cir. 2011) (rejecting "broad allegation that the Sentencing Commission lacked justification to authorize increases in offense levels" under section 2L1.2); *United States v. Garcia-Cardenas*, 555 F.3d 1049, 1050 (9th Cir. 2009) (per curiam) (finding no improper double counting in using a prior conviction for a sentencing enhancement and for calculating criminal history score). The court did not procedurally err in relying on section 2L1.2(b) or otherwise abuse its discretion in imposing Garcia-Garcia's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 55-56 (2007). The within-Guidelines sentence is substantively reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See id.* at 51.

**AFFIRMED.**