**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50284 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00745-ABC-1 |
| v. | |
| OMAR MORA-RIVERA, AKA Omar Mora, AKA Omar Jair Mora, AKA Omar Jair Mora-Rivera, AKA Omar Mora Rivera, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted July 10, 2014[**]
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

Omar Mora-Rivera appeals from the 57-month sentence imposed following

his guilty-plea conviction for being a deported alien found unlawfully in the United

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

States in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not plainly err by including Mora-Rivera's forgery conviction in the calculation of his criminal history category.  On this record we conclude that Mora-Rivera's forgery crime did not occur in the course of attempting to avoid detection or responsibility for the illegal reentry offense. Mora-Rivera himself stated that he obtained the forged documents "after [his] arrival" in the United States because he "sought employment."  When stopped by police, Mora-Rivera volunteered that he had counterfeit documents in his wallet. These actions are not consistent with the actions of someone seeking to avoid detection for remaining in the country illegally.  There was no error, let alone "error that is so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection."  *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011) (citing *United States v. Turman*, 122 F.3d 1167, 1170 (9th Cir. 1997)).

We reject Mora-Rivera's argument that, under *Kimbrough v. United States*, 552 U.S. 85 (2007), United States Sentencing Guideline § 2L1.2 lacks an empirical basis and is not entitled to the same weight as the typical Guideline.  The policy behind the enhancement is sound.  *See United States v. Salazar-Mojica*, 634 F.3d

2

1070, 1074 (9th Cir. 2011); *United States v. Ramirez-Garcia*, 269 F.3d 945, 947–48 (9th Cir. 2001). Thus, the district court's reliance on § 2L1.2 was not an abuse of discretion. *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011) (recognizing that "district courts are not obligated to vary from the . . . Guidelines on policy grounds if they do not have, in fact, a policy disagreement with them.").

Mora-Rivera also claims that § 2L1.2 impermissibly double counts his prior arson conviction. But this argument has been squarely rejected. *See United States v. Garcia–Cardenas*, 555 F.3d 1049, 1050 (9th Cir. 2009) (per curiam) (concluding that the district court did not err by using the defendant's prior conviction as a basis for the sixteen-point increase pursuant to § 2L1.2 and in calculating the defendant's criminal history score).

Finally, Mora-Rivera contends that his 57-month sentence is substantively unreasonable in light of the afore-mentioned *Kimbrough* flaws in § 2L1.2, the staleness of his 13-year-old arson conviction, the disparity between his sentence and a typical fast-track sentence, and his ties to the United States. We conclude that, in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a), the district court did not abuse its discretion by imposing a low-end, within-Guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The district court weighed each of the necessary § 3553(a) factors,

3

discussed the fact that Mora-Rivera's prior sentence "was not sufficient to deter him," and made clear that it viewed Mora-Rivera's violation as "a serious offense and . . . a repeat offense." Nothing in Mora-Rivera's argument or the record leads us to "a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055 (9th Cir. 2009).

**AFFIRMED.**