**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 8 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50556 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00923-SJO-2 |
| v. | |
| KEVIN ELEBY, AKA L, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted November 8, 2016**
Pasadena, California

Before: MURGUIA and WATFORD, Circuit Judges, and BOLTON,** District

Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. App.P. 34(a)(2)

\*\*\* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

1

Appellant Kevin Eleby appeals his sentence after guilty verdicts for racketeering conspiracy in violation of 18 U.S.C. § 1962(d); drug trafficking conspiracy in violation of 21 U.S.C. § 846; vicarious possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A); and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841. Eleby challenges the sentencing enhancement imposed based on his prior California state conviction. This Court has jurisdiction over this direct appeal under 28 U.S.C. § 1291. We affirm.

We review a district court's interpretation of the Sentencing Guidelines de novo. *United States v. Garcia*, 497 F.3d 964, 969 (9th Cir. 2007). The district court's application of the Guidelines is reviewed for abuse of discretion and its findings of fact are reviewed for clear error. *United States v. Staten*, 466 F.3d 708, 713 (9th Cir. 2006).[1] Eleby challenges his sentence on two grounds, whether the district court appropriately enhanced his sentence after finding that his prior conviction was a felony and whether California Proposition 47 which retroactively reclassified Eleby's prior felony as a misdemeanor requires reversal of his sentence. His

[1] There is intracircuit disagreement on whether the district court's application of the Guidelines should be reviewed de novo or for abuse of discretion. *See Staten*, 466 F.3d at 713 n.3. Because the Court finds that the sentencing guidelines were applied correctly, the Court will not address the intracircuit split.

challenge fails on both grounds.

Eleby's prior conviction was a felony as a matter of law. Since Eleby filed his opening brief, he requested that this Court take judicial notice of his Application for Resentencing filed with the Superior Court of California. The Superior Court of California approved his Application finding that "[Eleby] was convicted of Count 1, a violation of Health and Safety Code Section 11350(a), a felony" and amended his conviction to a misdemeanor pursuant to California Penal Code Section 1170.18(g). Therefore, the district court did not err in using Eleby's prior state court conviction under California Health and Safety Code § 11350 to enhance his federal sentence.

Eleby's argument that the retroactive reclassification of his felony conviction to a misdemeanor precludes the sentencing enhancement for a prior felony conviction also fails. Title 21 U.S.C. § 841 allows a sentencing enhancement if a defendant's prior conviction meets certain requirements. The Supreme Court has held that courts should only look to the prior conviction, without considering subsequent amendments to law, when determining if a sentence should be affirmed. *See McNeill v. United States*, 563 U.S. 816, 820 (2011). We had a similar holding when applying the Sentencing Guidelines in *United States v. Salazar-Mojica*, 634 F.3d 1070, 1073-74 (9th Cir. 2011). In *Salazar-Mojica* the Court used defendant's prior felony conviction for assault to support a 16-level enhancement even though

3

the California court reduced the conviction to a misdemeanor after defendant's arrest in the federal case. *Id.* at 1072-74. We recently held that a Proposition 47 reclassification did not invalidate imposition of 21 U.S.C. § 841's sentencing enhancement. *United States v. Diaz*, No. 10-50029, 2016 WL 5121765, at *3 (9th Cir. Sept. 21, 2016). We rejected Diaz's argument that his conviction's reclassification to a misdemeanor required reversing his sentencing enhancement, noting that "a state making a change to a state conviction, after it has become final, 'does not alter the historical fact of the [prior state] conviction' becoming final—which is what § 841 requires." *Diaz*, 2016 WL 5121765, at *3 (quoting *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 115 (1983)). As noted above, Eleby's conviction was a felony at the time he committed the violation of 21 U.S.C. § 841. Because 21 U.S.C. § 841's sentencing enhancement applies when a defendant commits a violation of the statute after a prior felony conviction has become final, we affirm Eleby's sentence.

**AFFIRMED.**