NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUN 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>IVAN DE JESUS VIDAL-CASTILLO, AKA Angel Garcia, AKA Cedric Guzman, AKA Jorge Valenzuela, AKA Juan Jesus Vidal,<br><br>Defendant-Appellant. | No. 18-50059<br><br>D.C. No. 5:17-cr-00113-PA-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted May 17, 2019
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and KORMAN,[**] District Judge.

Ivan Vidal Castillo appeals his conviction and sentence for illegal reentry in

violation of 8 U.S.C. § 1326. Vidal contends that the district court 1) erroneously

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

concluded in denying his motion to dismiss the information that his underlying deportation was not fundamentally unfair and 2) erroneously applied a sentencing enhancement based on prior convictions that were originally felonies but since reduced to misdemeanors. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly concluded that Vidal's due process rights were not violated in his 2006 immigration proceedings in denying his motion to dismiss the information. Because the Immigration Judge (IJ) "adequately explain[ed] the hearing procedures to [Vidal], including what he must prove to establish his basis for relief," *Agyeman v. I.N.S.*, 296 F.3d 871, 877 (9th Cir. 2002), Vidal's due process rights were not violated. As the district court correctly found, the IJ "explained voluntary departure to the defendant, gave the defendant an opportunity to present evidence, questioned the defendant and his mother, asked the defendant why he should receive voluntary departure, and allowed the defendant to produce any evidence he thought would be helpful." We need not reach the question of whether the IJ erred in concluding that Vidal was ineligible for voluntary departure, because the IJ, in the alternative, considered voluntary departure on the merits and denied it as a matter of discretion.

2. The district court did not err in applying a sentencing enhancement under U.S.S.G. § 2L1.2(b)(3). Although Vidal's two post-deportation convictions

2

at issue were reduced to misdemeanors pursuant to subsequent California state law, that did not alter the fact that Vidal was convicted of the felonies "at any time after the defendant was ordered deported or ordered removed from the United States for the first time." U.S.S.G. 2L1.2(b)(3) (2016). *See United States v. Diaz*, 838 F.3d 968, 972–74 (9th Cir. 2016) (affirming a sentence enhancement pursuant to 21 U.S.C. § 841); *United States v. Salazar-Mojica*, 634 F.3d 1070, 1072–74 (9th Cir. 2011) (affirming a sentence enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii)).

**AFFIRMED.**