# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

   v.

ROMAN RUIZ-CHAIREZ,
    *Defendant-Appellant.*

No. 05-10226

D.C. No.
CR-04-20066-JF/
HRL

OPINION

Appeal from the United States District Court
for the Northern District of California
Jeremy Fogel, District Judge, Presiding

Argued and Submitted
April 16, 2007—San Francisco, California

Filed July 6, 2007

Before: Mary M. Schroeder, Chief Circuit Judge,
Stephen S. Trott, Circuit Judge, and Barry Ted Moskowitz,*
District Judge.

Opinion by Chief Judge Schroeder

*The Honorable Barry Ted Moskowitz, U.S. District Judge for the Southern District of California, sitting by designation.

## COUNSEL

Lara S. Vinnard, Assistant Federal Public Defender, San Jose, California, for the defendant-appellant.

Erika R. Frick, Assistant United States Attorney, San Francisco, California, for the plaintiff-appellee.

## OPINION

SCHROEDER, Chief Judge:

Appellant Roman Ruiz-Chairez appeals his 54 month sentence imposed after being convicted of being found in the United States after having been previously deported in violation of 8 U.S.C. § 1326. Because Ruiz had previously been convicted of both a crime of violence and a drug trafficking offense, the government sought and obtained a 16 level enhancement authorized by U.S.S.G. § 2L1.2(b)(1)(A), which relates to illegal reentry sentences. Ruiz contends his sentence violates his equal protection rights because he received a 16 level enhancement when the same priors would give rise to a lesser enhancement for those convicted of other felonies. *See e.g.* U.S.S.G. § 2K2.1(a)(4) (relating to felon in possession of a firearm).

We affirm Ruiz's 16 level sentence enhancement. The Sentencing Commission did not act arbitrarily in treating a felon like Ruiz, who is convicted of being found in the United States after having been previously deported, more severely than a felon who is convicted of a different crime.

## BACKGROUND

Ruiz is a native and citizen of Mexico who has been previously deported, and has several criminal convictions on his record. His convictions include one for selling cocaine, for which he was sentenced to three years in prison, and another for domestic violence, for which he was sentenced to four years in prison. He was last deported in 1999. In 2003, Ruiz was found in the Bay Area, and the government indicted him for being found in the United States after having been previously deported, in violation of 8 U.S.C. § 1326. Ruiz pleaded guilty as charged.

The sentencing guidelines provide for a base offense level of 8 for the violation of § 1326. U.S.S.G. § 2L1.2(a). It then provides for differing levels of enhancements depending on the nature and severity of the defendant's criminal history. Those who have been previously convicted of a "crime of violence" or a "drug trafficking offense" fall into the category of illegal reentrants who receive a 16 level enhancement, the stiffest enhancement under the illegal reentry guideline. U.S.S.G. § 2L1.2(b)(1)(A)(I), (ii).

Ruiz has previously been convicted of selling cocaine, which is a "drug trafficking offense," and for domestic violence, which is a "crime of violence." Either prior conviction may therefore serve as the basis for § 2L1.2's 16 level enhancement. *See* U.S.S.G. § 2L1.2 n.1(b)(iii)-(iv) (defining "Crime of violence" and "Drug trafficking offense"). The total offense level in this case amounts to a sentence in the range of 77 to 96 months.

At sentencing, the government sought the 16 level enhancement, and Ruiz objected on equal protection grounds. Ruiz argued that it was arbitrary for either his prior crime of violence or drug trafficking offense to result in an adjusted base offense level of 24 for violating § 1326, when the same prior conviction would result in an adjusted offense level of only 20 for another felony. *Compare* U.S.S.G. § 2L1.2(b)(1)(A) *and* U.S.S.G. § 2K2.1(a)(4).

He gives as an example possession of a firearm by a felon, which he contends is inherently more dangerous. The sentencing court rejected Ruiz's argument, observing that the sentence enhancement is intended to deter illegal reentry by convicted felons, and thus concluded that the difference in treatment between the targeted class of felons who have illegally reentered after deportation, and those who are convicted of another felony, has a rational basis. After considering mitigating circumstances, the court sentenced Ruiz to 54 months imprisonment.

## DISCUSSION

This appeal presents a relatively straightforward issue, but one of first impression in this court: whether punishing illegal reentrants more severely than other felons with the same prior criminal record violates equal protection. Ruiz argues that the sentence differential is arbitrary because crimes other than illegal reentry, such as possession of a firearm by a felon, are inherently more dangerous. We hold that the enhancement level in § 2L1.2(b)(1)(A) has a rational basis and serves a legitimate government interest. The 16 level enhancement did not violate Ruiz's right to equal protection.

**[1]** 8 U.S.C. § 1326 prohibits noncitizens from reentering the United States if they have previously "been denied admission, excluded, deported, or removed." 8 U.S.C. § 1326(a). Such a violation may result in up to 20 years of imprisonment depending on the noncitizen's criminal history. 8 U.S.C.

§ 1326(a)-(b). We have recognized that § 1326 is a legitimate exercise of Congress's immigration power. *See United States v. Hernandez-Guerrero*, 147 F.3d 1075, 1078 (9th Cir. 1998) (holding that Congress possesses "ample authority to enact § 1326 pursuant to its inherent immigration power[ ]").

**[2]** Section 2L1.2 of the Sentencing Guidelines effectuates the illegal reentry statute, and provides for a base offense level of 8 for illegal reentry convictions. It advises courts to impose a 16 level enhancement if the defendant was removed after "a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months[ ]" or for a "crime of violence[.]" U.S.S.G. § 2L1.2(b)(1)(A)(I)-(ii). We have also recognized U.S.S.G. § 2L1.2(b) to be a proper exercise of the Sentencing Commission's delegated authority. In *United States v. Ramirez-Garcia*, we explained that § 2L1.2 properly implements Congress's desire "to enhance the penalties for aliens with prior convictions in order to deter others[ ]" by increasing the "sentencing range for aliens with prior convictions." *United States v. Ramirez-Garcia*, 269 F.3d 945, 947-948 (9th Cir. 2001).

**[3]** The Sentencing Guidelines may properly be challenged on equal protection grounds. *See United States v. Dumas*, 64 F.3d 1427, 1429 (9th Cir. 1995); *United States v. Fine*, 975 F.2d 596, 604 (9th Cir. 1992) (en banc) ("The Due Process Clause of the Fifth Amendment precludes the imposition of punishment based on arbitrary distinctions, and, in the sentencing context, 'essentially duplicates' an argument based on equal protection."). The relevant test is whether the classification is "rationally related to a legitimate government interest." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 440 (1985). *See also United States v. Harding*, 971 F.2d 410, 412 (9th Cir. 1992). The burden falls on the party seeking to disprove the rationality of the relationship between the classification and the purpose. *Mathews v. Diaz*, 426 U.S. 67, 82 (1976).

**[4]** Because the illegal reentry statute is a proper exercise of Congress's immigration power, *see Hernandez-Guerrero*, 147 F.3d at 1078, and because § 2L1.2 properly implements this congressional directive, *see Ramirez-Garcia*, 269 F.3d at 947-48, we must conclude that the 16 level enhancement in § 2L1.2 serves a legitimate government interest and has a rational basis. The enhancement serves the legitimate government interest of deterring illegal reentry by those who have committed drug-related and violent crimes.

An Eleventh Circuit decision, *United States v. Adeleke*, 968 F.2d 1159 (11th Cir. 1992), is instructive on this point. In *Adeleke*, a noncitizen who had been convicted of illegal reentry also challenged his § 2L1.2 sentence enhancement on equal protection grounds. He argued that because criminal history adjustments already take a defendant's prior criminal history into account, § 2L1.2 effectively punishes illegal reentrants, and not citizens, twice for the same crime. *Id.* In rejecting this argument, the Eleventh Circuit noted that the enhancement properly implements the legitimate government interest in deterring the reentry of deported felons: "[T]he Sentencing Commission may have concluded that an alien who has been convicted of a felony should be strongly deterred from re-entering the United States, a consideration not present with respect to an American citizen." *Id.*

Ruiz argues that the § 2L1.2 sentence enhancement has no rational basis because crimes like possession of a firearm by a felon are inherently more dangerous than illegal reentry, and he challenges the government to proffer a basis for the sentence differential. Ruiz's argument fails for two reasons.

First, the government shoulders no burden to proffer a basis for a distinction that Congress and the Sentencing Commission have made. As the Supreme Court has explained, that burden is on, "the party challenging the constitutionality of the particular line Congress has drawn," and that party must "advanc[e] principled reasoning that will at once invalidate

that line and yet tolerate a different line separating some aliens from others." *Mathews*, 426 U.S. at 82. Because our circuit has already recognized that § 2L1.2 is a proper and valid implementation of Congress's desire to punish illegal reentrants, the burden of establishing its irrationality falls squarely on Ruiz.

Second, asking whether another crime is inherently more dangerous than illegal reentry misses the point. To survive rational basis review, the key question is whether the criminal reentry enhancement bears some rational relation to a legitimate government interest or purpose. *Harding*, 971 F.2d at 412. Here, that interest is deterring illegal reentry. Indeed in 1994, Congress expanded the scope of coverage of the illegal reentry statute to cover those previously convicted, not only of felonies, but also misdemeanors, so long as they involved "drugs, crimes against the person, or both[.]" Pub. L. No. 103-322, 108 Stat. 1796, *2023 (codified as amended at 8 U.S.C. § 1326(b)(1)). The 16 level enhancement for illegal reentrants who have committed drug related and violent crimes has a rational basis.

## CONCLUSION

For the foregoing reasons, we AFFIRM Ruiz's sentence. We hold that § 2L1.2 does not deprive him of equal protection.