**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50538 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-02546-GT-1 |
| v. | |
| CLAUDIO JUAREZ-MENDEZ, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, District Judge, Presiding

Submitted December 10, 2009[**]
Pasadena, California

Before: HALL and SILVERMAN, Circuit Judges, and CONLON,[***] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Suzanne B. Conlon, United States District Judge for
the Northern District of Illinois, sitting by designation.

In July 2008, Defendant pled guilty to one count of unlawful reentry by a removed alien, in violation of 8 U.S.C. § 1326(a)-(b). Because Defendant had previously been convicted of committing lewd acts on a child, a felony under Cal. Penal Code § 288(a), the district court applied a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), yielding a Guidelines range of 46 to 57 months' imprisonment; the district court ultimately sentenced Defendant to a 51-month prison term. Defendant now challenges the reasonableness of his sentence.

First, we reject several of Defendant's arguments as foreclosed, namely: (1) that his § 288(a) conviction did not constitute a crime of violence for purposes of U.S.S.G. § 2L1.2's 16-level enhancement, see United States v. Medina-Villa, 567 F.3d 507, 511-12 (9th Cir. 2009); and (2) that the prior conviction exception established in Almendarez-Torres v. United States, 523 U.S. 224 (1998), should be limited to its facts, has been implicitly overruled, and renders unconstitutional 8 U.S.C. § 1326(b). See United States v. Garcia-Cardenas, 555 F.3d 1049, 1051 (9th Cir. 2009) (per curiam) (listing cases).

Second, we reject Defendant's argument that, by applying the Guidelines enhancement, the district court abused its discretion under Kimbrough v. United States, 552 U.S. 85 (2007), because U.S.S.G. § 2L1.2 purportedly lacks an empirical basis. The policy behind the enhancement is sound. See United States v. Ramirez-Garcia, 269 F.3d 945, 947-48 (9th Cir. 2001); United States v. Ruiz-

Chairez, 493 F.3d 1089, 1091-92 (9th Cir. 2007). Moreover, even if the guideline lacks an empirical basis, Kimbrough does not *require* a district court to reject it; Kimbrough merely recognizes a district court's discretion to do so.

Third, we reject Defendant's argument that the district court denied him his Sixth Amendment right to a jury trial, per Apprendi v. New Jersey, 530 U.S. 466 (2000), by finding the facts necessary to increase the statutory maximum punishment applicable to his offense. Although the charging document in this case did not specifically allege that Defendant had previously been removed after a violent felony conviction—a necessary predicate to increasing the statutory maximum sentence to 20 years, see 8 U.S.C. § 1326(b)(2)—Defendant admitted at his change of plea hearing to a prior removal that occurred after his § 288(a) conviction. This admission established beyond a reasonable doubt the temporal relationship between Defendant's violent felony conviction and his subsequent removal. Accordingly, the absence of a jury finding on this issue did not constitute an Apprendi violation. See United States v. Covian-Sandoval, 462 F.3d 1090, 1097-98 (9th Cir. 2006).

However, we vacate Defendant's 51-month sentence and remand this case to the district court to reconsider the weight to be afforded Defendant's 18-year-old § 288(a) conviction in light of the court's recent decision in United States v.

Amezcua-Vasquez, 567 F.3d 1050 (9th Cir. 2009), which had not yet been decided at the time of Defendant's sentencing.

**VACATED and REMANDED**.