FILED

SEP 03 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10339 |
| Plaintiff - Appellee, | D.C. No. 5:08-cr-00596-JDF |
| v. | |
| FELICIANO MEMIJE-SANTOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Submitted August 23, 2010[**]

Before:    LEAVY, HAWKINS, and THOMAS, Circuit Judges.

Feliciano Memije-Santos appeals from the 60-month sentence imposed

following his guilty-plea conviction for illegal reentry following deportation, in

violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and

we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Memije-Santos contends that the district court procedurally erred by imposing a sentence without properly considering his arguments with respect to the application of a 16-level enhancement based upon either of his two prior felony convictions for crimes of violence. The record reflects that the district court listened to and considered Memije-Santos' arguments in this regard, but found the circumstances insufficient to warrant a sentence lower than the one imposed. *See United States v. Carty*, 520 F.3d 984, 995-96 (9th Cir. 2008) (en banc); *see also United States v. Ruiz-Chairez*, 493 F.3d 1089, 1091 (9th Cir. 2007); *cf. United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1053-54 (9th Cir. 2009).

Memije-Santos also contends that the sentence imposed is substantively unreasonable because it was greater than necessary to accomplish the statutory purposes of sentencing when considered in light of the significant mitigating factors that he presented. The record reflects that the sentence below the Guidelines range is substantively reasonable under the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007).

**AFFIRMED.**