**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30002 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00092-SEH-1 |
| v. | |
| JAVIER DOLORES GONZALEZ-DIAZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30030 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00077-SEH-1 |
| v. | |
| JAVIER DOLORES GONZALEZ-DIAZ, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted November 5, 2010
Portland, Oregon

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:   W. FLETCHER and FISHER, Circuit Judges, and JONES, District Judge.[**]

Javier Dolores Gonzalez-Diaz appeals his conviction and sentence for illegal reentry, identity theft and related offenses. We have jurisdiction under 28 U.S.C. § 1291 and we affirm. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.[1]

1.      The district court properly refused to instruct the jury on official restraint because Gonzalez-Diaz was not entering the United States from a foreign country. *See United States v. Ambriz-Ambriz*, 586 F.3d 719, 724 (9th Cir. 2009) ("Because the uncontroverted evidence was that [the defendant] never legally left the United States [when he drove into Canada], the official restraint doctrine was not applicable even though he was arrested at a border station.").

2.      The district court did not err by denying Gonzalez-Diaz a sentencing adjustment for acceptance of responsibility. Gonzalez-Diaz did not demonstrate sincere remorse for his conduct. *See United States v. Daly*, 974 F.2d 1215, 1218 (9th Cir. 1992) (per curiam). Furthermore, although at trial Gonzalez-Diaz raised a

---

[**]The Honorable James P. Jones, United States District Judge for the Western District of Virginia, sitting by designation.

[1] We address Gonzalez-Diaz's argument that the district court erroneously denied his motion for acquittal in a concurrently filed published opinion.

legal defense to being found in the United States, he also contested the factual predicates of his liability, including recanting aspects of his pretrial confession. *See* U.S.S.G. § 3E1.1 cmt. n. 2 (explaining that a "a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial" in "rare situations," including "where a defendant goes to trial to assert and preserve issues *that do not relate to factual guilt*" (emphasis added)).

3. The district court adequately explained its reasons for rejecting Gonzalez-Diaz's sentencing arguments. The court explained that Gonzalez-Diaz's criminal history score did not overrepresent his criminal history because his previous drug smuggling conviction, although several years old, was serious, and because Gonzalez-Diaz had a previous conviction for illegal reentry and four previous deportations. The court also adequately explained its reasons for applying a 16-level enhancement under U.S.S.G. § 2L1.2(b), stating that although his previous drug conviction was "some time ago," it "involved the smuggling of a large quantity of unlawful drugs."

The district court did not specifically address Gonzalez-Diaz's argument that the court should have rejected § 2L1.2(b) under *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), because § 2L1.2(b) does not reflect "empirical data and

3

national experience." Gonzalez-Diaz, however, offers no authority that a district court is required to expressly address each argument in a defendant's sentencing memorandum not distinctly argued during the sentencing hearing. *See United States v. Ressam*, 593 F.3d 1095, 1119 (9th Cir. 2010) (citing *United States v. Goff*, 501 F.3d 250, 255 (3d Cir. 2007) ("Although the District Court is not required either to comment on every argument counsel advances or to make findings as to each § 3553(a) factor, it nevertheless should expressly deal with arguments emphasized by the parties . . . .")). Furthermore, even if the district court should have specifically addressed Gonzalez-Diaz's *Kimbrough* argument at the hearing, there was no plain error because we have repeatedly held that the sentencing scheme under § 1326 and § 2L1.2(b) serves a rational purpose. *See United States v. Ruiz-Chairez*, 493 F.3d 1089, 1091 (9th Cir. 2007); *United States v. Ramirez-Garcia*, 269 F.3d 945, 947-48 (9th Cir. 2001).

4.     We also reject Gonzalez-Diaz's argument that his sentence is substantively unreasonable in light of the totality of the circumstances. Although Gonzalez-Diaz's drug trafficking conviction was 13 years old, it is a serious smuggling offense. In addition, he has been deported four times, has a previous § 1326 conviction and was on supervised release when the current offenses were committed. Gonzalez-Diaz also benefitted substantially because five of the eight

4

counts were grouped for sentencing purposes. His mid-guidelines-range sentence thus is substantively reasonable.

**AFFIRMED.**