**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10296 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00493-JSW |
| v. | |
| REFUGIO GALLEGOS-VALDIVIAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Refugio Gallegos-Valdivias appeals from the 57-month sentence imposed

following his guilty-plea conviction for reentry after deportation, in violation of

8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gallegos-Valdivias contends, first, that the district court miscalculated or

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

overstated his Criminal History Category when it imposed two points under

U.S.S.G. § 4A1.1(d). Gallegos-Valdivias does not dispute that he was under a

criminal justice sentence at the time that he violated section 1326; rather, he

disputes the validity of that sentence. His argument fails because he cannot attack

his state parole suspension or revocation collaterally in a federal sentencing

proceeding. *See United States v. Burrows*, 36 F.3d 875, 884-86 (9th Cir. 1994).

Next, he contends that the district court's statements at sentencing did not

adequately address his various arguments in favor of a lower sentence. The record

reflects that the district judge considered the parties' arguments at sentencing and

had a "reasoned basis for exercising his own legal decisionmaking authority." *See*

*United States v. Carty*, 520 F.3d 984, 996 (9th Cir. 2008) (en banc) (internal

quotations omitted).

Finally, Gallegos-Valdivias challenges section 2L1.2(b)(1)(A)'s 16-level

enhancement as unreasonable and lacking in empirical foundation and argues that

its application in his case resulted in a substantively unreasonable sentence in view

of the age of his triggering offense. These contentions are also without merit.

Application of the enhancement "serve[d] the legitimate [Congressional] interest of

deterring illegal reentry by those who have committed drug-related" crimes, *see*

*United States v. Ruiz-Chairez*, 493 F.3d 1089, 1091 (9th Cir. 2007), and the

Guidelines sentence imposed was reasonable under 18 U.S.C. § 3553(a) and the totality of the circumstances, which reveals a pattern of illegal reentry and drug crime, *see Carty*, 520 F.3d at 993.

**AFFIRMED.**