**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-5195**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

FIDEL ALEJO-PENA, a/k/a Patricio Martinez Pena,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Malcolm J. Howard,
Senior District Judge.   (5:11-cr-00150-H-1)

_____

Submitted:  May 24, 2012                Decided:  June 8, 2012

_____

Before SHEDD, DAVIS, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, Kristine L. Fritz, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fidel Alejo-Pena appeals his seventy-seven-month sentence for illegal reentry after deportation by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). Finding no error, we affirm.

On appeal, Alejo-Pena challenges the imposition of a sixteen-level enhancement pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A)(ii) (2011) on equal protection grounds. The Equal Protection Clause of the Fourteenth Amendment prohibits "governmental decisionmakers from treating differently persons who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992). "To succeed on an equal protection claim, a [claimant] must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). If a claimant succeeds in making such a showing, the court must determine whether the disparity is justified under the requisite level of scrutiny. Id.

The Sentencing Guidelines may properly be challenged on equal protection grounds, and the "relevant test is whether the classification is 'rationally related to a legitimate government interest.'" United States v. Ruiz-Chairez, 493 F.3d

2

1089, 1091 (9th Cir. 2007) (addressing equal protection challenge to USSG § 2L1.2(b)(1)(A)) (citations omitted); see United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir. 1994) (applying rational basis test to equal protection challenge to former version of USSG § 2D1.1(c)). Rational basis review does not require the court to identify Congress' actual rationale for the distinction. The statute will be upheld if "there are 'plausible reasons' for Congress' action." FCC v. Beach Commc'ns, Inc., 508 U.S. 307, 313-14 (1993) (citing United States R.R. Ret. Bd. v. Fritz, 449 U.S. 166, 179 (1980)). The burden is on the one raising the equal protection challenge to negate "every conceivable basis which might support it[.]" Heller v. Doe, 509 U.S. 312, 320 (1993) (internal quotation marks omitted).

We have reviewed Alejo-Pena's arguments on appeal and conclude that he has failed to establish any violation under the Equal Protection Clause. See Ruiz-Chairez, 493 F.3d at 1091 (denying equal protection challenge to § 2L1.2 on rational basis review, finding that "enhancement serves the legitimate government interest of deterring illegal reentry by those who have committed drug-related and violent crimes"); United States v. Adeleke, 968 F.2d 1159, 1160 (11th Cir. 1992) (rejecting equal protection argument that § 2L1.2 effectively punishes illegal reentrants, and not citizens, twice for the

3

same crime).  Moreover, the burden is on Alejo-Pena to negate "every conceivable basis" which might support the enhancement, see Heller, 509 U.S. at 320, and Alejo-Pena has failed to meet this burden.

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED