**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4094

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　　v.

MARIO ALVAREZ-ALDANA,

　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, Chief District Judge. (7:12-cr-00078-D-1)

Submitted: January 30, 2014　　　Decided: February 12, 2014

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2002 Mario Alvarez-Aldana entered no contest pleas in North Carolina state court to two counts of taking indecent liberties with a minor. In October 2012 Alvarez-Aldana pled guilty to illegal reentry of an aggravated felon, under 8 U.S.C. § 1326(a), (b)(2) (2012), and was sentenced to forty-one months of imprisonment, the bottom of his advisory Sentencing Guidelines range.

On appeal, Alvarez-Aldana contests his Sentencing Guidelines range enhancement of sixteen levels because his North Carolina convictions for taking indecent liberties with a child were considered crimes of violence under U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A)(ii) (2012), arguing that the enhancement as applied to non-citizens is a violation of equal protection. In assessing a challenge to a district court's application of the Sentencing Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo. United States v. Sosa-Carabantes, 561 F.3d 256, 259 (4th Cir. 2009).

The Equal Protection Clause of the Fourteenth Amendment prohibits "governmental decisionmakers from treating differently persons who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992) (citation omitted). "To succeed on an equal protection claim, a [claimant] must

2

first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). If a claimant succeeds in making such a showing, the court must determine whether the disparity is justified under the requisite level of scrutiny. Id.

The Sentencing Guidelines may properly be challenged on equal protection grounds, and the "relevant test is whether the classification is rationally related to a legitimate government interest." United States v. Ruiz-Chairez, 493 F.3d 1089, 1091 (9th Cir. 2007) (addressing equal protection challenge to USSG § 2L1.2(b)(1)(A)) (citations and internal quotation omitted); see United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir. 1994) (applying rational basis test to Guidelines equal protection challenge). Rational basis review does not require the court to identify Congress' actual rationale for the distinction. The statute will be upheld if "there are 'plausible reasons' for Congress' action." FCC v. Beach Commc'ns, Inc., 508 U.S. 307, 313-14 (1993) (quoting United States R.R. Ret. Bd. v. Fritz, 449 U.S. 166, 179 (1980)). The burden is on the one raising the equal protection challenge to negate "every conceivable basis which might support it[.]"

3

Heller v. Doe, 509 U.S. 312, 320 (1993) (citation and internal quotation omitted).

We have reviewed Alvarez-Aldana's arguments on appeal and conclude that he has failed to establish any violation under the Equal Protection Clause. See Ruiz-Chairez, 493 F.3d at 1091 (denying equal protection challenge to § 2L1.2 on rational basis review, finding that "enhancement serves the legitimate government interest of deterring illegal reentry by those who have committed drug-related and violent crimes"); United States v. Adeleke, 968 F.2d 1159, 1160-61 (11th Cir. 1992) (rejecting equal protection argument that § 2L1.2 effectively punishes illegal reentrants, and not citizens, twice for the same crime). Moreover, the burden is on Alvarez-Aldana to negate any basis which might support the enhancement, see Heller, 509 U.S. at 320, and he has failed to meet this burden. See also United States v. Perez-Perez, 737 F.3d 950, 952 (4th Cir. 2013) (finding that taking indecent liberties with a minor under N.C. Gen. Stat. § 14-202.1(a) qualified categorically as sexual abuse of a minor and therefore was a crime of violence within the meaning of USSG § 2L1.2(b)(1)(A)).

Accordingly, we affirm Alvarez-Aldana's sentence. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED