**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10116 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-01998-CKJ |
| v. | |
| JUAN ELISEA-GONZALEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Marvin E. Aspen, District Judge, Presiding[**]

Submitted May 13, 2014[***]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Juan Elisea-Gonzalez appeals from the district court's judgment and

challenges the 75-month sentence imposed following his guilty-plea conviction for

----

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Marvin E. Aspen, United States District Judge for the Northern District of Illinois, sitting by designation.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Elisea-Gonzalez makes various allegations of error, including that the district court erred by failing to sua sponte award him a third-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). By joint motion, the parties acknowledge that remand for resentencing is warranted in light of a 2013 amendment to the commentary accompanying U.S.S.G. § 3E1.1(b). *See* U.S.S.G. § 3E1.1 cmt. n.6. The parties request, however, that the appeal proceed as to Elisea-Gonzalez's challenge concerning the district court's application of a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A). We grant the parties' motion.

Elisea-Gonzalez first challenges the 16-level enhancement on the ground that it results in impermissible double counting. This contention is foreclosed. *See United States v. Garcia-Cardenas*, 555 F.3d 1049, 1050 (9th Cir. 2009) (per curian). Elisea-Gonzalez also challenges the 16-level enhancement as per se unreasonable, arguing that the enhancement is neither "empirically sound" nor based on Congressional intent. We have previously observed that the enhancement under section 2L1.2(b) implements Congressional intent, *United States v. Ramirez-Garcia*, 269 F.3d 945, 947-48 (9th Cir. 2001), and "serves the legitimate government interest of deterring illegal reentry by those who have committed drug-related and violent crimes," *see United States v. Ruiz-Chairez*, 493 F.3d 1089,

1091 (9th Cir. 2007). Moreover, we have explained that, post-*Booker*, policy-based arguments concerning the Guidelines may be used to attack the reasonableness of a particular sentence, but not to challenge a provision of the Guidelines "in isolation." *See United States v. Barsumyan*, 517 F.3d 1154, 1158-59 (9th Cir. 2008). Therefore, we reject Elisea-Gonzalez's per se challenge to the 16-level enhancement.

**VACATED and REMANDED for resentencing.**

12-10116