**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50024 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02244-WQH-1 |
| v. | |
| FERNANDO CRUZ-MERCADO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted January 12, 2017[**]
Pasadena, California

Before: TASHIMA, TALLMAN, and FRIEDLAND, Circuit Judges.

Fernando Cruz-Mercado appeals his sentence for illegally reentering the

United States in violation of 8 U.S.C. § 1326. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

**1.** Cruz-Mercado challenges his forty-month, within-Guidelines sentence as substantively unreasonable on two grounds.

**a.** First, he argues that the sentence does not account for the fact that this was his first immigration offense or that his longest previous sentence was only one year. This argument mischaracterizes the reasoning of the district court. The record shows that the district court fully considered all of the facts relevant to the 18 U.S.C. § 3553(a) factors, including Cruz-Mercado's prior sentences and lack of previous immigration offenses. These mitigating facts had to be balanced against Cruz-Mercado's long criminal history and the risk posed to the public by his repeated drunk driving. The district court's weighing of the § 3553(a) factors was within its discretion.

**b.** Cruz-Mercado also contends that his sentence is substantively unreasonable due to the application of a 12-level enhancement under U.S.S.G. § 2L1.2(b)(1)(B). The enhancement was applied as a result of Cruz-Mercado's past conviction for drug trafficking. Cruz-Mercado argues that the full enhancement should not have been applied because Cruz-Mercado trafficked in marijuana rather than other drugs that he claims are more dangerous. Because Cruz-Mercado did not raise this argument below, we review for plain error. *United States v. Vargem*, 747 F.3d 724, 730 (9th Cir. 2014).

Marijuana is classified as a Schedule I controlled substance. 21 U.S.C. § 812(c)(10). Cruz-Mercado identifies no legal support for the argument that a district judge should treat marijuana trafficking less severely than trafficking in any other Schedule I drug. Cruz-Mercado thus cannot demonstrate that the application of the 12-level enhancement was error, much less that such error was "plain."

Cruz-Mercado's sentence is therefore not substantively unreasonable.

**2.** Cruz-Mercado next challenges the constitutionality of § 2L1.2(b)(1)(B) under the Equal Protection component of the Fifth Amendment because the Guidelines treat marijuana trafficking the same as other types of drug trafficking. Because Cruz-Mercado did not challenge the constitutionality of § 2L1.2(b)(1)(B) in the district court, his challenge is subject to plain error review. *Vargem*, 747 F.3d at 730.

"When the Commission enacts Guidelines treating one class of offenders differently from another, equal protection generally requires that the classification be 'rationally related to a legitimate government interest.'" *United States v. Navarro*, 800 F.3d 1104, 1113 (9th Cir. 2001) (quoting *United States v. Ruiz-Chairez*, 493 F.3d 1089, 1091 (9th Cir. 2007)). The "burden falls on the party seeking to disprove the rationality of the relationship between the classification and the purpose." *Id.* (quoting *Ruiz-Chairez*, 493 F.3d at 1091). Cruz-Mercado has not

3

carried his burden of disproving every rational basis for treating marijuana trafficking the same as other drug trafficking under § 2L1.2(b)(1)(B). As this Court has previously held, § 2L1.2 is rationally related to the legitimate governmental interest of "deterring illegal reentry by those who have committed drug-related and violent crimes." *Ruiz-Chairez*, 493 F.3d at 1091. Cruz-Mercado has not demonstrated that § 2L1.2(b)(1)(B)'s treatment of marijuana traffickers is not rationally related to this interest. Given that there is no legal support for the argument that a district judge should treat marijuana trafficking differently from other types of trafficking, the district court's failure *sua sponte* to invent such a rule cannot be plain error.

**3.** Finally, Cruz-Mercado challenges the constitutionality of 8 U.S.C. § 1326(b). But as Cruz-Mercado concedes, this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Leyva-Martinez*, 632 F.3d 568, 569 (9th Cir. 2011) (noting "that *Almendarez-Torres* is binding unless it is expressly overruled by the Supreme Court").

⋅ ● ⋅

For the foregoing reasons, Cruz-Mercado's sentence is **AFFIRMED.**