**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50463 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00336-JAH-2 |
| v. | |
| MIGUEL DUQUE HURTADO SIMISTERRA, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50467 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00336-JAH-1 |
| v. | |
| WINSTON GABRIEL VALDEZ-MEDINA, | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50470 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00336-JAH-3 |
| v. | |
| LEONARDO ABAD BUENO-SAENZ, | |

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

```
                              |
                              |  Defendant-Appellant.
                              |
```

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted March 7, 2018
Pasadena, California

Before:  GOULD and MURGUIA, Circuit Judges, and CHRISTENSEN,[**] Chief District Judge.

Miguel Hurtado Simisterra, Winston Valdez-Medina, and Leonardo Bueno-Saenz, (collectively "Appellants"), each appeal their 90-month sentence imposed following their guilty pleas to possession of cocaine with intent to distribute on board a vessel, in violation of 46 U.S.C. § 70503.

The Government argues that this appeal is barred by Appellants' appeal waiver, a condition in their respective plea agreements.  However, we have recognized that an appeal waiver cannot bar a constitutional challenge.  *See United States v. Torres*, 828 F.3d 1113, 1124–25 (9th Cir. 2016); *see also United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) (recognizing that an appeal waiver will not be enforced where the sentence imposed is illegal or unconstitutional). Because Appellants raise a constitutional challenge to their sentences, the appeal

---

[**]     The Honorable Dana L. Christensen, Chief United States District Judge for the District of Montana, sitting by designation.

waiver does not bar their appeal.

Appellants argue that their equal protection and due process rights were violated when the district court arbitrarily sentenced their co-defendant, Jhon Salos Garcia to a sentence of only 70-months imprisonment. Because Appellants do not allege any disparate treatment on the basis of a suspect or quasi-suspect classification, the sentencing disparity need only survive rational basis review. *See Chapman v. United States*, 500 U.S. 453, 465 (1991) (applying rational basis review to defendant's equal protection challenge that statutory drug-weight calculation for sentencing purposes was arbitrary); *see also United States v. Ruiz-Chairez*, 493 F.3d 1089, 1091–92 (9th Cir. 2007) (applying rational basis review to defendant's equal protection challenge that the sentencing guidelines arbitrarily applied to illegal reentrants).

We conclude that the district court had a rational basis for the sentences it imposed on Appellants. At sentencing, the Government claimed that co-defendant Salos Garcia deserved a lower sentence than Appellants because he had demonstrated a "super acceptance of responsibility" by asking for one year longer than the mandatory minimum, in accord with the Government's side deal. Though the side deal was available to each Appellant, only Salos Garcia accepted it. Salos Garcia's attorney characterized this as the exercise of good judgment based on the "realities" of the offense. The district court agreed that this "super acceptance of

16-50463

responsibility" warranted a shorter sentence than the Appellants and sentenced

accordingly.  We conclude this decision is rational and affirm.

**AFFIRMED.**