**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JUN 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBIN JOY FAHR, | No.   23-15905 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-01644-DGC-DMF |
| v. | |
| TIMOTHY JOHNSON, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| BRITTNIE SOSA; ARIZONA DEPARTMENT OF CORRECTIONS; D. REVERE, Unknown; Assistant Deputy Warden; CENTURION; UNKNOWN PARTIES, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted May 14, 2025
Phoenix, Arizona

Before:  RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges.
Dissent by Judge BUMATAY.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Robin Fahr, an inmate in the Arizona State Prison Complex at Perryville, appeals the district court's order granting summary judgment in favor of Defendant Timothy Johnson. Fahr alleges that Johnson, a contract physician assistant, was deliberately indifferent to her serious medical needs when he repeatedly altered the way in which her Crohn's medication and dosage would be administered without contacting Fahr or her primary care physicians. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for trial.

We review de novo a grant of summary judgment, considering the evidence in the light most favorable to Fahr and drawing all reasonable inferences in her favor as the nonmoving party. *See Hittle v. City of Stockton*, 101 F.4th 1000, 1011 (9th Cir. 2024). Maintaining an Eighth Amendment claim under 42 U.S.C. § 1983 based on prison medical treatment requires Fahr to show "deliberate indifference to serious medical needs." *Jett v. Penner*, 493 F.3d 1091, 1096 (9th Cir. 2006) (cleaned up). The parties do not dispute that Fahr's Crohn's disease constitutes a "serious medical need." The only question on appeal is whether Fahr has raised a genuine dispute of material fact as to whether Johnson acted with deliberate indifference to her serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be

2

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The district court found no evidence suggesting that Johnson was aware that he had created a substantial risk of harm to Fahr by changing her promethazine and dicyclomine prescriptions from "keep on person" ("KOP") to "direct observed therapy" ("DOT"), which prevented Fahr from taking her medications at the onset of symptoms and reduced her overall daily dosage of dicyclomine. The district court erred in finding no genuine disputes of material fact.

As Fahr alleges, the record indicates that Johnson unilaterally changed her medication over her treating physicians' KOP instructions several times. Indeed, the district court found a disputed issue of fact as to why Johnson made these changes.[1] Fahr filed numerous grievances expressly complaining that Johnson's changes to her Crohn's medications were causing her to experience flareups of nausea and diarrhea and increased pain and discomfort. She connected this harm to her inability to take her Crohn's medication at the onset of her symptoms as her treating physicians had prescribed for years. Johnson claims not to have seen any

---

[1] Although Johnson claims that a prison policy required him to change Fahr's medication administration, no written policy is in the record requiring that Fahr's medications be prescribed DOT. Even if such a policy existed, a deliberate indifference claim can be sustained based on enforcement of a general prison policy that creates a substantial risk of harm to an inmate's care. *See Jett*, 439 F.3d at 1097; *Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014).

of Fahr's grievances, but we have concluded that when an inmate files grievances about a particular provider's actions, it is reasonable to infer that prison officials would notify that provider of the subject of the grievance. *See Jett*, 439 F.3d at 1097; *Hunt v. Dental Dep't*, 865 F.2d 198, 201 (9th Cir. 1989) (drawing reasonable inference that provider was aware of inmate's grievances because they were directed at same provider). This inference is warranted in particular here because a prison official, in response to one of Fahr's grievances, stated that inmate grievances are "picked up daily by medical staff. They are triaged and scheduled for follow up."

In addition, Fahr met with Johnson for a Crohn's disease "pain consult" several months after he changed her medications. The consultation was scheduled in response to Fahr's grievance complaining that the "dosage schedule was changed and it is causing [me] pain." Johnson's notes from the encounter describe Fahr as having chronic pain and "a lot of diarrhea and nausea from her Crohn's." Although Johnson's notes do not indicate if Fahr complained that his changes to her medication were causing these symptoms, it can reasonably be inferred that Fahr would have raised such complaints to the provider she specifically identified in several of her grievances. *See Hunt*, 865 F.2d at 201 (finding inmate's complaints raised disputed fact as to whether treatment was deliberately indifferent). Therefore, Fahr has presented a genuine dispute of material fact as to

4

whether Johnson knew his changes to Fahr's medications over her physicians' instructions created a substantial risk of harm.

Johnson contends that he cannot have acted with deliberate indifference because medically acceptable reasons supported changing Fahr's medication administration and because her symptoms were caused by Crohn's disease, not the change in medication. That is for a jury to decide. Fahr's allegations and evidence about the pain she suffered because of Johnson's changes to her medication without consulting her treating physician raise disputed questions of material fact. *See Hunt*, 865 F.2d at 201 (concluding that inmate's complaints about harm they experienced from prison officials' actions established disputed issue of fact as to whether treatment was medically acceptable); *Jett*, 439 F.3d at 1097–98 (inmate's submission of medical slips complaining of inadequate treatment indicated deliberate indifference).

We remand with instructions for the district court to appoint Fahr counsel to represent her at trial. Appointment of counsel is warranted because of Fahr's limited ability to articulate legal arguments pro se, the complexity of the issues and record, and the potential merits of her claims. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

**REVERSED AND REMANDED.**

5

*Fahr v. Johnson*, No. 23-15905
BUMATAY, Circuit Judge, dissenting:

This case poses a simple question: Did Robin Fahr present any evidence that Arizona prison physician's assistant, Timothy Johnson, ordered a "medically unacceptable" course of treatment in changing her prescriptions from "keep on person," which allows Fahr to carry her medications anywhere in the prison (risking abuse or diversion) to "direct observation therapy," which ensures that she takes her medication at twice daily "pill calls"? *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc). She did not.

No expert testimony, no doctor's report, or contrary medical opinion exists in the record establishing that the switch in drug distribution schedules was negligent or medical malpractice—let alone the much higher standard of deliberate indifference. *Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013) (simplified). Indeed, deliberate indifference is a very high bar. A prison official acts with deliberate indifference only where he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The only medical opinion in the record comes from Johnson, a trained physician's assistant, who reasonably believed that the Crohn's medication should be taken on a set schedule to ensure that it is continuously in a patient's system. Fahr doesn't dispute this with any objective medical evidence. Instead, she relies solely

1

on her own subjective view that she experienced some exacerbated Crohn's disease symptoms after the switch. But that's not enough to create a genuine dispute of material fact. That's because a "mere difference of medical opinion is insufficient, as a matter of law, to establish deliberate indifference." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (simplified). And "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (simplified), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc); *see also Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) ("At most, [Plaintiff] has raised a difference of medical opinion regarding his treatment. A difference of medical opinion does not amount to a deliberate indifference to [Plaintiff's] serious medical needs.").

The switch in drug delivery was no draconian medical procedure. Fahr wasn't denied any medications. She received the same medications each day. The primary difference is that prison officials then monitored her drug intake. In fact, the objective medical evidence shows that Fahr's Crohn's disease was under control after Johnson switched her drug's distribution. When Fahr was referred to an external gastrointestinal specialist a year after the delivery method change, she had no active Crohn's symptoms. Fahr admitted that her Crohn's disease was "relatively

2

stable" and it was "[n]ot her most pressing concern." Fahr even declined a colonoscopy recommended by a specialist to determine if more care was needed to address her Crohn's disease. Of course, with Crohn's disease, periodic recurrences are expected and common, but Fahr presents no objective medical evidence that switching her drug delivery made things *unacceptably* worse.

Under our precedent, if a defendant's treatment decision was "medically acceptable," then the court need go no further: the plaintiff cannot show deliberate indifference as a matter of law. *Jackson*, 90 F.3d at 332 (simplified). Given that Fahr doesn't come close to showing that drug schedule switch was a "unnecessary and wanton infliction of pain," we should have affirmed the grant of summary judgment here. *Farmer*, 511 U.S. at 834 (simplified). While Fahr's medical conditions were unfortunate, without any evidence of unacceptable medical treatment, we cannot sanction a constitutional claim based solely on her thoughts and feelings.

I respectfully dissent.